## PEOPLE v. ROBERTSON.

(Supreme Court, Appellate Division, Third Department.   November 11, 1903.)

1. RAPE—INDICTMENT—STATEMENT OF CRIME.

   On a prosecution for statutory rape, an indictment charging that the said W. on or about the 13th day of February, 1902, perpetrated an act of sexual intercourse with a female being under the age of 18 years, and not being the wife of said W., sufficiently stated the crime.

2. SAME—EVIDENCE—SUBSEQUENT INTERCOURSE.

   On a prosecution for statutory rape, evidence of acts of intercourse subsequent to that charged in the indictment was inadmissible.

3. SAME—CORROBORATION OF PROSECUTRIX—DECLARATIONS OF DEFENDANT.

   Where, on a prosecution for statutory rape, evidence as to intercourse subsequent to that charged in the indictment was erroneously admitted, admissions by defendant that he had had intercourse with prosecutrix, such admissions being subsequent to all the acts of intercourse shown, did not amount to corroboration of prosecutrix.

4. SAME—EVIDENCE—BIRTH OF CHILD.

   On a prosecution for statutory rape, evidence that prosecutrix had given birth to a child subsequent to the intercourse charged did not show defendant's guilt.

Appeal from Trial Term, Fulton County.

Ward Robertson was convicted of rape, and he appeals.   Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Jordan & Cassedy (Clark L. Jordan, of counsel), for appellant.

Jerome Egelston, Dist. Atty. (N. H. Anibal, of counsel), for the People.

CHASE, J.   The defendant was charged by indictment with the commission of the crime of rape in the second degree.   The material part of the indictment is as follows:

"That the said Ward Robertson, * * * on or about the 13th day of February, 1902, perpetrated an act of sexual intercourse with a female, * * * being under the age of eighteen years, * * * and not being the wife of said Ward Robertson."

The crime was sufficiently stated in the indictment.   People v. Flaherty, 79 Hun, 48, 29 N. Y. Supp. 641, affirmed in 145 N. Y. 597, 40 N. E. 164.   See 27 App. Div. 535, 50 N. Y. Supp. 574, affirmed in 162 N. Y. 532, 57 N. E. 73.   On the trial the evidence was substantially uncontradicted that the person with whom the crime is charged to have been committed was under the age of 18 years.   If it was error to admit the testimony of Dr. Edwards, it should be disregarded.   After the person with whom the crime is charged to have been committed had testified positively to the commission of the offense on February 13, 1902, she testified that she met the defendant on Friday night of the next week, which was February 21st, and the record then shows the following questions, objections, rulings, and answers:

"Q. Where were you then? (Objected to as incompetent and improper, and not charged in the indictment; incompetent and improper as a corroboration, and is incompetent for the reason that it is a second separate offense not charged in the indictment.)  By the Court:  The indictment is rather in-

84 N.Y.S.—26

definite as to the date this crime was committed. It says 'on or about the 13th,' and I think I will admit the evidence. . (Objection overruled. Exception.) A. In the parlor. * * * Q. What occurred in the parlor that evening? (Objected to as incompetent, immaterial, irrelevant, improper, the evidence of a separate and distinct offense; is incompetent for corroboration, and is a charge of another separate crime. Overruled. Exception.) A. I had sexual intercourse with him."

At the close of the evidence offered on behalf of the people the court struck out the evidence relating to what occurred February 21st as above quoted. The record in regard thereto is as follows:

"By the Court: I think, however, at this time I will ask the district attorney to elect as to which date of the two offenses testified to by the prosecutrix constitutes the offense charged in this indictment. I think that is proper. I admitted that at the time for the purpose, as I believed, that the language of the indictment was indefinite as to the date. By the District Attorney: The language in the indictment appears to be on the 13th day of February he had connection with this girl. The language in the indictment seems to be clear. I do not know as there is any election to make. I do not understand that the court should take that view. The evidence all shows that on the 13th this took place. It is based upon the 13th day of February. It seems to me that all the testimony bears upon that, but I do not understand that the district attorney should be forced to make an election. However, I will elect as to that date. By the Court: The court then now will exclude the evidence that there was an act of sexual intercourse on the following week; that is, on the 21st."

. The acts of defendant on Friday evening, February 21st, were subsequent to the crime charged in the indictment, and they constitute an independent crime. The testimony received in regard to the crime charged in the indictment was clear and definite, and there was no question or controversy in regard to the date stated in the indictment, or on which the people claim that the crime was committed. Where a person is charged with unlawful sexual intercourse, evidence is sometimes received of such intercourse prior to the time charged in the indictment, for the reason that, when illicit relations between two persons are established, they are presumed to continue if there is opportunity therefor. It constitutes an exception to the general rule that a person on trial for a criminal offense cannot have proved against him the commission of other crimes unless he puts his character in issue. The reason for this exception to the general rule is not applicable to an act of sexual intercourse occurring after the time charged in the indictment, for the manifest reason that the illicit relations may have commenced subsequent to the crime for which the person is being prosecuted. The admission of the evidence in regard to the acts of February 21st was error for which the judgment should be reversed. People v. Flaherty, 162 N. Y. 532, 57 N. E. 73.

The evidence which it is claimed corroborates the person with whom the crime is claimed to have been committed consists of alleged admissions made by the defendant subsequent to both February 13th and February 21st that he had had sexual intercourse with such person. The testimony relating to such admissions is general, and there is nothing therein from which a jury could say that such admissions related to acts occurring on any particular date. All of the testimony relating to the defendant's admissions was received before the court struck out the testimony relating to the acts of February 21st. A

motion was made by the defendant for his discharge at the close of the people's testimony, and before said evidence was stricken out. Said motion was made on the ground, among others, "that there is no corroboration of the female alleged to have been raped, as required by the statute; no sufficient legal corroboration." If the defendant had sexual intercourse with such person on February 21st the admissions may have related thereto. If the admissions related to the act on February 21st, they would not in any way corroborate the testimony relating to the commission of a crime at a prior date. It cannot be said that at the time the motion was made there was any sufficient corroborative evidence of the commission of a crime by the defendant on the day charged in the indictment.

The birth of a child in October, 1902, is evidence that a crime had been committed, but it is not evidence that the defendant was guilty of the crime. People v. Flaherty, 27 App. Div. 546, 50 N. Y. Supp. 574.

The judgment should be reversed, and a new trial ordered. All concur.