PEOPLE v. FARINA.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

1. RAPE (§ 54*)—CORROBORATION OF PROSECUTRIX—NECESSITY.
    To support a conviction of rape, prosecutrix must be corroborated by other evidence.
    [Ed. Note.—For other cases, see Rape, Cent. Dig. § 83; Dec. Dig. § 54.*]

2. RAPE (§ 54*)—CORROBORATION OF PROSECUTRIX—SUFFICIENCY.
    Corroborative evidence to support a conviction of rape, whether consisting of acts or admissions, must be of such a character as tends to connect accused with the crime, and extend to every material fact essential to constitute it.
    [Ed. Note.—For other cases, see Rape, Cent. Dig. § 84; Dec. Dig. § 54.*]

3. CRIMINAL LAW (§ 304*)—JUDICIAL NOTICE—PERIOD OF GESTATION.
    Courts will judicially notice the ordinary period of human gestation.
    [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 304.*]

4. RAPE (§ 54*)—CORROBORATION OF PROSECUTRIX—SUFFICIENCY.
    The fact that prosecutrix gave birth to a child did not afford any corroboration of her testimony as to an assault by accused, where, as a matter of law, the child could not have been the result of intercourse on the day testified to.
    [Ed. Note.—For other cases, see Rape, Dec. Dig. § 54.*]

5. RAPE (§ 54*)—CORROBORATION OF PROSECUTRIX—SUFFICIENCY.
    Admissions by defendant in relation to prosecutrix's condition when accused of causing her pregnancy afford no corroboration of her testimony

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    118 N.Y.S.—52

as to an assault by him, where, as a matter of law, her condition could not have been due to intercourse on the day testified to.

[Ed. Note.—For other cases, see Rape, Dec. Dig. § 54.*]

6. CRIMINAL LAW (§§ 369, 1054*)—REVERSAL—NECESSITY OF EXCEPTION.

Under Code Cr. Proc. § 527, providing that the Appellate Court may order a new trial if a conviction is against the weight of evidence or against the law, or justice requires it, whether any exception shall have been taken or not in the court below, the admission of evidence that subsequent to the rape charged defendant committed another rape upon the same female is error, requiring a reversal, though no exception was taken thereto.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. §§ 369, 1054.*]

7. RAPE (§ 57*)—CORROBORATION OF PROSECUTRIX—QUESTION FOR COURT.

Whether there is any evidence on a trial for rape in corroboration of prosecutrix is a question of law for the court.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 87; Dec. Dig. § 57.*]

Burr, J., dissenting.

Appeal from Kings County Court.

Nick Farina was convicted of rape in the second degree, and he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Thomas C. Whitlock, for appellant.

Peter P. Smith, Asst. Dist. Atty. (John F. Clarke, Dist. Atty., on the brief), for the People.

WOODWARD, J. The indictment in this case is for rape in the second degree, assault in the second degree, and abduction. The verdict of the jury convicted the defendant under the charge of rape in the second degree. The indictment charged the defendant with committing the act constituting this crime on the 6th day of February, 1905. The prosecuting attorney called the complainant, Loretta Cassella, who testified that on Sunday, the 26th day of February, 1905, the defendant called her into his room in his house, locked the door and the windows, laid her on the bed and committed the crime charged; that about two weeks later he again had intercourse with her. The complainant gave birth to a child on the 26th day of December, 1905, and was at the time of the trial about 15 years of age. She did not divulge the act complained of until about four months after it was alleged it had occurred. To afford corroboration, without which the defendant could not be convicted (People v. Page, 162 N. Y. 272, 274, 56 N. E. 750), Marie Cassella, the mother of the complainant, was called. She testified that in February, 1905, she lived in the house of the defendant; that she moved therein in March, 1904, and got out in August, 1905; that during that time her daughter did not tell her that she was in trouble; that she found it out; that she guesses it was "about three or four months after that I found it out," the context showing nothing from which the date could be fixed, so far as we are able to discover. This witness details how she took the girl to a friend, who appears to have been a midwife, and discovered the girl's condition, and that the girl then stated that she had had some trouble with

this man, the defendant; that this friend called in the defendant, and that the witness asked him "How it was, how it occurred that he committed that deceitful act upon my daughter?" The defendant is quoted as saying: "This does not amount to anything. I done it because I wanted her to marry my son." She then says that the defendant told her to go on with preparations for the wedding; that she protested that it would be wrong to marry her daughter to the defendant's son under the circumstances; and that the defendant replied: "Why, nobody could say that you married your daughter in a deceitful condition, because I know the daughter." Then she details some alleged conversation with the defendant, apparently in the presence of the latter's wife, in which it was said that defendant's wife proposed that, as he had done the harm, he should pay for it, and that there was a proposition to pay $100 and to settle matters out of court. This witness is corroborated by the woman who brought the defendant to the complainant's home, and the case was submitted to the jury upon the theory that this was corroborative evidence of the crime alleged in the indictment.

But suppose the defendant had in the most unequivocal way admitted that he was responsible for the condition of this complainant, what bearing has that upon the crime charged? The rule in such cases is that the corroborative evidence, whether consisting of acts or admissions, must at least be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime. The corroboration must extend to every material fact essential to constitute the crime. People v. Page, 162 N. Y. 272, 274, 275, 56 N. E. 750, and authorities there cited. The crime charged was an assault upon the complainant on the 6th day of February, 1905, this date being changed by the testimony to the 26th day of February, 1905; and, assuming it properly in the case, a second assault committed about two weeks later, or the middle of March. These are the only two occasions when the complainant alleges that the defendant assaulted her, and it cannot be claimed that the crime in any possible view was perpetrated later than that date. The complainant's child was born on the 26th day of December, 1905, 290 days after the last alleged assault. Courts will judicially notice the ordinary period of human gestation (Rex v. Luffe, 8 East, 193), and, according to Lord Coke, the period by the law of England is fixed at 40 weeks, and the present doctrine seems to be in harmony with this view. 3 Am. & Eng. Ency. of Law, 884, and authorities there cited. Forty weeks is 280 days; and, assuming the second alleged act of assault on the part of the defendant to have been committed on the 12th day of March, 1905, two weeks after the first alleged assault, the period of gestation would have run on the 16th day of December, 1905. Taking the most favorable view of the evidence for the prosecution, we are forced to hold that this girl passed over the ordinary and legally defined period of gestation 10 days in order to connect the defendant with the crime of rape alleged in the indictment, while if it is confined to the 26th day of February, according to the rule approved in People v. Flaherty, 162 N. Y. 532, 541, 57 N. E. 73, this would have to be extended to 24 days. It was said in the Flaherty Case, supra, that:

The "indictment alleges acts constituting but one crime, and, while the mistake as to the date will not prevent the prosecution from proving the crime charged in the indictment, the indictment will be deemed to cover the offense attempted to be proved nearest in point of time to the date in the indictment."

The indictment in the case at bar alleged that the act was committed on the 6th day of February. The evidence of the complainant fixes the time of the assault at the 26th day of February, 1905, followed by a second two weeks later. It must be held, therefore, that the facts constituting the crime alleged in the indictment occurred, if at all, on the 26th day of December, 10 full calendar months from the alleged assault. The fact that this child was born at this time was evidence, no doubt, that a crime had been committed, but it was not evidence that the defendant was guilty of the crime charged in the indictment (People v. Robertson, 88 App. Div. 198, 201, 84 N. Y. Supp. 401), nor did the alleged admissions of the defendant in relation to the girl's condition when he was accused of producing the pregnancy have any tendency to corroborate the complainant's testimony as to what occurred on the 26th day of February, because, as a matter of law, her condition could not have been due to the intercourse alleged to have taken place on that day. The complainant in the orderly course of nature must have conceived her child on or about the 22d day of March, 1905, 24 days after the date alleged for the commission of the crime, and whatever admissions the defendant may have made in relation to intercourse happening after the 26th day of February, 1905, could have no possible relation to the crime complained of, and as the latest date mentioned in her testimony was two weeks later, or the 12th day of March, 1905, we must presume a violation of the laws of nature in order to hold that the testimony of the complainant's mother and her midwife friend had any tendency to corroborate the testimony of the complainant that the defendant committed rape upon her on the 26th day of February, or the 12th day of March, 1905.

It was squarely held in the case of People v. Robertson, supra, that upon a trial under an indictment for rape evidence that, subsequent to the commission of the rape charged in the indictment, the defendant committed another rape upon the same female, was error requiring the reversal of a judgment of conviction, and this error was committed here, though without objection or exception. This would in and of itself, in spite of the neglect of the defendant's counsel, justify a reversal. Section 527, Code Cr. Proc. But, when to this is added the fact that the testimony offered in corroboration could not tend in any manner to corroborate the testimony of the complainant in reference to what took place on the 26th day of February, the duty devolves upon this court of interposing. Whether there is any evidence of corroboration in such cases is a question of law for the court; and if the case is submitted to the jury without any legal proof in support of the charge, except that coming directly or indirectly from the complainant herself, a conviction cannot be upheld. The testimony of the girl alone was not sufficient, and there was no other legal evidence, as we have pointed out. People v. Page, 162 N. Y. 272, 277, 56 N. E. 750.

The defendant in this case is an ignorant Italian. He scarcely speaks or understands the language, and because he has been unfortunate in his choice of counsel he ought not to be railroaded to prison without a fair and impartial trial of his case in accord with the law and practice of our courts. We have pointed out that even under the most favorable view of the prosecution's case the evidence offered in corroboration could not even remotely tend to sustain the complainant's testimony. The fact that the defendant may have committed rape upon her on the 22d day of March, 1905, is not evidence that he committed the same crime on the 12th day of March, or on the 26th day of February, and, unless we are to close our eyes to the fact that the period of gestation is but 280 days, the intercourse resulting in pregnancy could not have occurred on either of the days to which she testifies, and it is necessary that she be corroborated upon all of the material facts going to the making up of the crime. People v. Page, supra, 162 N. Y. 275, 56 N. E. 750.

The judgment appealed from should be reversed, and a new trial granted.

RICH, J., concurs; HIRSCHBERG, P. J., and MILLER, J., in result. BURR, J., dissents.