### PEOPLE v. COLE.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

RAPE (§ 54*)—CORROBORATIVE EVIDENCE.

The testimony of a physician that prosecutrix is pregnant, and of other witnesses that defendant had opportunities to commit the crime, is not testimony corroborative of that of prosecutrix, as required by Pen. Code, § 283, to sustain a conviction of rape.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 84; Dec. Dig. § 54.*]

Sewell, J., dissenting.

Appeal from Chemung County Court.

Russell S. Cole was convicted of rape in the second degree, from which, and an order denying a new trial, he appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, COCHRANE, KELLOGG, and SEWELL, JJ.

George R. Hemenway and Michael Danaher, for appellant.
Harry L. Bogart, Dist. Atty., for the People.

CHESTER, J. The defendant has been convicted of the crime of rape in the second degree by the testimony of the complaining witness, who was an infant of the age of 17 years and under the age of consent, the testimony of a physician that she was pregnant, and of several other witnesses that the defendant had opportunities for the commission of the crime at the date alleged in the indictment, February 1, 1908.

The only question for our determination is as to whether there was any corroboration of the testimony of the complaining witness. She lived with her father and grandmother, and had known the defendant all her life. He was about 66 years of age. She testified that she had sexual intercourse with him for a number of years, beginning when she was about 12 years old, and that the last time was the last of January or the 1st of February, 1908, at her house, one afternoon, about 3 o'clock; that at that time the defendant stayed in the house about an hour; and that no one was in the house, except the defendant and herself. She told nobody about her relations with the defendant until she first told her father, the latter part of June, 1908, which was at a time when her condition was becoming apparent and her father mistrusted her. There was much proof that the defendant was in the habit of calling at the house frequently, many times when her father was there, and many times when he was not. The proof is that he also called there after she told her father of her condition, but that the father, who was present, did not mention the matter to him. He was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

there once or twice after that, and visited with the grandmother. He had also done work in the house, painting or varnishing, for the grandmother. There is no proof, other than that of the complaining witness, of any familiarity of the defendant with her, nor that, at the time of said alleged offense, he was in the house alone with her. The fact that she was pregnant was shown by her testimony and that of a physician who examined her; but the physician's evidence was not corroborative of the plaintiff's testimony against the defendant. It simply proved that she had had sexual intercourse with some man. People v. Robertson, 88 App. Div. 198, 84 N. Y. Supp. 401.

Section 283 of the Penal Code, which was in force at the time of this trial, provided that:

"No conviction can be had for * * * rape * * * upon the testimony of the female * * * defiled, unsupported by other evidence."

The authorities hold that under this section the corroborative evidence must be of such a character and quality as tends to prove the guilt of the accused, by connecting him with the crime, and the corroboration must extend to every material fact essential to constitute the crime. People v. Page, 162 N. Y. 272, 56 N. E. 750. There appears no evidence in this case, aside from that of the prosecutrix, to connect the defendant in any way with the commission of the crime, and the case is devoid of any sufficient evidence in corroboration of her evidence as to the material facts essential to constitute the crime, and for these reasons the conviction cannot stand.

The judgment of conviction is therefore reversed, and a new trial granted. All concur, except SEWELL, J., who dissents.