PEOPLE v. SHAW.

(Supreme Court, Appellate Division, Third Department.   July 8, 1913.)

1. RAPE (§ 51*)—EVIDENCE—SUFFICIENCY.

Evidence on a trial for rape in the second degree *held* insufficient to support a conviction.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 71–77; Dec. Dig. § 51.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** RAPE (§ 54*)—EVIDENCE—CORROBORATION.

On a trial for rape, the prosecuting witness must be corroborated as to every essential element of the crime, and not merely as to the commission of the crime by some one, but also as to its commission by accused.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

**3.** RAPE (§ 54*)—EVIDENCE—CORROBORATION.

On a trial for rape in the second degree, testimony that accused was standing by his garage just before the time of the alleged outrage in the garage was not corroborative of the testimony of the prosecuting witness that he committed the crime, being at most merely evidence of opportunity.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

**4.** RAPE (§ 54*)—EVIDENCE—CORROBORATION.

On a trial for rape in the second degree, evidence that the prosecutrix had gonorrhea, and that her hymen was ruptured, although evidence of intercourse with some one, did not corroborate her testimony that it was with accused, even assuming that the evidence showed that he had gonorrhea.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

**5.** RAPE (§ 54*)—EVIDENCE—CORROBORATION.

On a trial for rape in the second degree, evidence of disclosures by the girl within a reasonable time after the outrage, although admissible, was not corroborative evidence within Penal Law, § 2013 (Consol. Laws 1909, c. 40) providing that no conviction for rape can be had on the testimony of the female defiled, unsupported by other evidence.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

**6.** RAPE (§ 54*)—TRIAL—DUE PROCESS OF LAW.

The heinous character of the crime of rape upon a child eight years old does not excuse a disregard of the rules of evidence or a denial of due process of law.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Chemung County.

William Shaw was convicted of rape in the second degree, and he appeals. Reversed.

Argued May term, 1913, before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Lewis E. Mosher, of Elmira, for appellant.

Harry L. Bogart, of Elmira, for the People.

HOWARD, J. [1] The defendant by the indictment herein is accused of rape in the second degree committed March 24, 1912, upon the person of Carrie Snyder, a girl eight years of age. The child testified that the defendant committed the assault upon her in his garage, which is immediately back of his house in the city of Elmira. It was on Sunday morning just after 11 o'clock. The complainant was walking down a lane, so she says, in the rear of the defendant's gar-

age, when the defendant caught her, took her into his garage, and perpetrated the act. The lane and the garage are in plain view from several houses. The defendant was 24 years old at the date mentioned in the indictment; he is a cripple having one wooden leg; he was a groceryman. The girl also testified that on the 21st of February, more than a month previous, the defendant had sexual intercourse with her in his store. She did not tell her parents about either of these occurrences until a week after the last one, and then not until after long persuasion and some intimation that she might be sent to a boarding school if she persisted in her silence. After the girl had told of the alleged outrage, an examination showed that her hymen was slightly torn. Within a few days after the date of the alleged crime she developed gonorrhea. An examination of the defendant after his arrest disclosed no outward symptoms of gonorrhea, although gonococci were obtained from his person. The mother of the child saw the defendant, so she testified, standing near his garage between half past 10 and 11 o'clock on the morning in question. The girl's clothes and hair were noticed to be somewhat disordered when she came to the house soon after the alleged rape. Upon this evidence the defendant was convicted.

[2, 3] The testimony of the complainant was contradictory of her previous statements, was unsatisfactory, and was somewhat improbable. It bore those indications, which the testimony of children of that age do so frequently bear, of being, to a considerable extent, the thoughts of others—thoughts developed after repeated conversations and much pressure. Her testimony was, however, sufficient, had it been well corroborated, to support the verdict. But it was not well corroborated; it was barren of corroboration. There must be corroboration of the essential elements of the crime. People v. Page, 162 N. Y. 272, 56 N. E. 750; People v. Farina, 134 App. Div. 110, 118 N. Y. Supp. 817; People v. Green, 103 App. Div. 79, 92 N. Y. Supp. 508; People v. Frank Seaman, 152 App. Div. 495, 137 N. Y. Supp. 294. The testimony of the mother that she saw the defendant standing near his garage just before the time of the alleged outrage, if it be taken as true, is at most only evidence of opportunity. It in no manner proves the defendant's perpetration of the crime. If he was standing there at all, he might have been standing there innocently.

[4] The gonorrhea and the ruptured hymen were evidence pointing towards intercourse with somebody, but pointing no more in the direction of this defendant than in any other direction. The evidence that the defendant was at the time of the examination or had been just previously suffering with gonorrhea was weak and doubtful; but, if it be assumed that he had the disease on the 24th day of March, yet no corroborating evidence that he had sexual intercourse with the complainant is furnished. Pregnancy has been held to be only evidence of intercourse; not intercourse with any particular man. People v. Cole, 134 App. Div. 759, 119 N. Y. Supp. 259. It must be held, likewise, that, while gonorrhea is some evidence of intercourse, it is not evidence of intercourse with any par-

ticular man. Gonorrhea may be contracted without intercourse; therefore, it is of less value, if such be possible, than pregnancy as corroborative evidence.

[5] After much urging the girl disclosed the occurrence to her parents. Disclosures made by the female within a reasonable time after the outrage are admissible, but such disclosures are not "other evidence" within the meaning of the section 2013 of the Penal Law (Consol. Laws 1909, c. 40). They weigh not at all as corroborative evidence. People v. Seaman, 152 App. Div. 495, 137 N. Y. Supp. 294; People v. Page, 162 N. Y. 272, 56 N. E. 750; People v. Green, 103 App. Div. 79, 92 N. Y. Supp. 508.

There was considerable corroborative evidence that this girl had been ravished by some one; but there was no corroborative evidence connecting this defendant with the crime. Strike out the evidence of the complainant and what is left? Nothing absolutely implicating this defendant. The corroborative evidence must be, not only corroborative of the existence of a crime, but corroborative of the defendant's perpetration of the crime. People v. O'Farrell, 175 N. Y. 323, 67 N. E. 588.

[6] Rape upon a child eight years old is one of the most heinous of crimes, but this is no excuse for punishing the innocent; no excuse for abolishing the rules of evidence. "Due process of law" must be observed as well in trials for rape as in trials for any other offense.

There were other errors to which our attention has been called, but we have not thought it necessary to refer to them, for this conviction should be reversed because of lack of evidence corroborating the testimony of the female defiled.

The judgment of conviction should be reversed, and a new trial granted. All concur, except KELLOGG, J., who dissents.