THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* RAYMOND CAREY, Appellant.

**Crimes — rape — not committed unless woman oppose man to utmost limit of her power — corroboration — complaint to police not sufficient within meaning of statute.**

1. Rape is not committed unless the woman oppose the man to the utmost limit of her power. A feigned or passive or perfunctory resistance is not enough. It must be genuine and active and proportioned to the outrage

2. The law requires corroboration of the complainant's testimony. (Penal Law, § 2013.) The trial judge told the jury that for that purpose they might consider her complaint to the police. *Held,* that the complaint was not corroboration " by other evidence " within the meaning of the statute.

*People* v. *Carey,* 178 App. Div. 909, reversed.

(Argued January 21, 1918; decided February 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 7, 1917, which affirmed a judgment of the Jefferson County Court rendered upon a verdict convicting the defendant of the crime of rape in the first degree.

*Thomas Burns* for appellant.

*Jerome B. Cooper, District Attorney,* for respondent.

*Per Curiam.* The defendant, a youth of nineteen years, has been convicted of the crime of rape. The complainant, an unmarried woman, says that the defendant, while visiting her in her apartment, assaulted and ravished her. The defendant admits the intercourse, but denies the rape. The jury were to say whether the complainant had resisted. They had the defendant's testimony that she had yielded to him once before.

They had the complainant's assertion that in the past he had taken liberties with her person, and even tried to ravish her. None the less, she was again receiving him as a visitor in her rooms. Rape is not committed unless the woman oppose the man to the utmost limit of her power (*People* v. *Dohring*, 59 N. Y. 374). A feigned or passive or perfunctory resistance is not enough. It must be genuine and active and proportioned to the outrage. The record discloses a situation where conflicting inferences may be drawn whether resistance in that sense was offered.

We think it is not doubtful that there was error in the charge. The law requires corroboration of the complainant's testimony (Penal Law, § 2013). The trial judge told the jury that for that purpose they might consider her complaint to the police. The complaint was not corroboration " by other evidence " within the meaning of the statute (*People* v. *Page*, 162 N. Y. 272; *People* v. *Seaman*, 152 App. Div. 495; *People* v. *Shaw*, 158 App. Div. 146; *The King* v. *Christie*, 1914 A. C. 545, 557, 567).

Some of the members of the court desire to place their concurrence upon the additional ground that error was committed in rejecting testimony tending to prove that the complainant was unchaste. They think that the exclusion of such testimony may work a denial of justice. But that view has not commanded the assent of a majority.

The judgment should be reversed, and a new trial ordered.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed, etc.