THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT L. WHITSON, JR., Appellant.

*Crimes — rape, second degree — trial — charge — birth of child as corroborative of prosecuting witness — testimony.*

Appeal by the defendant from a judgment of the County Court of Chemung county rendered October 3, 1919, convicting him of the crime of rape in the second degree.

Judgment of conviction affirmed. All concur, except Cochrane, J., dissenting, with an opinion.

COCHRANE, J. (dissenting): The indictment charges the defendant with having had sexual intercourse on or about May 27, 1918, in the city of Elmira, N. Y., with Julia Haskins, she being at that time fourteen years of age. She testified that the alleged crime was committed by the defendant on the date mentioned. A few hours thereafter he left for the army and was in military service until July, 1919, when he returned to Elmira. In the meantime and on February 12, 1919, Julia Haskins gave birth to a child. The defendant denied his guilt and gave evidence tending to show that others might have been the author of her trouble. The defendant could not be convicted on the uncorroborated evidence of Julia Haskins. (Penal Law, § 2013.) Corroborating evidence was introduced but much of it was given by the girl's mother whose credibility as a witness was of course open to attack. The difficulty with the case arises on the charge of the court to the jury. In his principal charge the learned county judge, referring to the birth of the child, said: " That is another circumstance that the prosecution claims that you should consider in arriving at the question of whether Julia's testimony has been sufficiently corroborated." At the conclusion of the charge the record discloses that the following occurred: " By Mr. Knapp: I ask your Honor to charge the jury that the fact that the Haskins girl gave birth to a child is no evidence to corroborate her testimony, that the defendant was the guilty party. By the Court: Well, I charge you that is one of the circumstances of the case. You may consider it in arriving at the guilt or innocence of the defendant. By Mr. Knapp: I take an exception to your Honor's refusal to charge the jury as requested, and I ask you to charge my proposition as asked. By the Court: I refuse to so charge. By Mr. Knapp: Then I take an exception to your Honor's refusal. By the Court: I charge you in connection with that, that fact standing alone is not sufficient to convict

the defendant. As I said, that is one of the circumstances that has been shown here for you to consider. By Mr. Knapp: I will take an exception to your Honor's qualification in your statement to the jury on that point, and still ask you to charge as requested. By the Court: I still refuse. By Mr. Knapp; I take an exception." It has been many times held that pregnancy or birth of a child constitutes no corroboration of the complaining witness as to the guilt of a defendant. It is of course highly satisfactory evidence of the guilt of someone but it does not tend to connect a defendant with the commission of the crime. (*People* v. *Cole*, 134 App. Div. 759; *People* v. *Taleisnik*, 225 N. Y. 489, 493; *People* v. *Robertson*, 88 App. Div. 198; *People* v. *Shaw*, 158 id. 146; *People* v. *Bills*, 129 id. 798; *People* v. *Farina*, 134 id. 110, 113.) I think the defendant was entitled under the authorities cited to the charge as requested without any qualifications. The learned county judge did not even charge it substantially. His modifications instead of curing accentuated the error. He insisted on permitting the jury to consider the birth of the child as a circumstance " in arriving at the guilt or innocence of the defendant.", That is exactly what he should have prevented. While that circumstance was potential in establishing the guilt of someone the defendant insisted that it did not tend to prove his guilt. The defendant is abundantly fortified by precedent in this contention. There was no dispute that the crime had been committed, the entire controversy consisting of an effort to fasten its commission on the defendant. The request to charge was, therefore, very pertinent. Its refusal was prejudicial and necessitates a reversal of the judgment. The judgment of conviction should be reversed and a new trial granted.