THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADOLPH
BREHM, Appellant.

Second Department, November 12, 1926.

Crimes — rape, second degree — doctor, who made examination next day
after alleged crime, testified to rupture of hymen and irritation of
organs — doctor could not state when condition arose — error to refuse
to permit defendant, on cross-examination of complaining witness, to
ask if she had not had intercourse with other men shortly before
alleged crime — testimony was relevant in view of doctor's inability
to fix date of rupture of hymen and irritation of organs — testimony
by mother that she and father asked complaining witness if she had
been with defendant, and testimony of details of conversation, improp-
erly admitted — fact of complaint not admissible if complaint not
spontaneous — details never admissible — error for court to charge
that said testimony was corroborative — error for court to refuse to
charge that absence of hymen and irritation of organs was not corrobora-
tive in this case — error for court, in charging that presence of com-
plainant in defendant's automobile was not corroboration, to state
that it might be considered on that subject — error to charge that
declarations, absence of hymen and proof of opportunity might be
sufficient corroboration — stains on clothing were corroborative to
some extent — statement by defendant that he was " in wrong " was
not confession — error to refuse to admit testimony on behalf of
defendant that complainant's father procured statement after threat
of punishment.

On a prosecution for rape in the second degree, alleged to have been committed
on a certain date on a thirteen-year-old girl, in which a physician for the
prosecution testified that he made a physical examination in the forenoon of the
day following the alleged assault, that the examination disclosed an absence
of the hymen and irritation of the organs, but that he could not state when
that condition was caused, it was error for the court to refuse to permit the
defendant, on cross-examination, to ask the complaining witness if she had
not had sexual intercourse with defendant's brother a short time before the
alleged crime was committed, and whether or not she had not had intercourse
with another person about two weeks before the commission of the alleged crime.

While ordinarily, in the prosecution for statutory rape, such evidence is not
admissible, still, in this case, in view of the fact that the physician was unable
to tell definitely when the conditions testified to by him were caused, and in
view of the fact that the crime must have been committed on the date specified,
if at all, the testimony as to prior sexual intercourse was admissible for the
purpose of showing that the conditions found by the physician might well have
been caused by the complaining witness' relations with other men, and, there-
fore, not caused by the defendant.

Testimony by the mother of the complaining witness that the father, on the day
following the commission of the alleged crime, asked the complaining witness
if she had been out with the defendant, and that she asked if the defendant
had bothered her the night before, to which the complaining witness replied
in the affirmative, was inadmissible as corroborative of the testimony given

by the complaining witness, for a complaint to be admissible on a prosecution for rape must have been spontaneous and must have been made within a short time after the alleged crime was committed, and, furthermore, the fact of complaint alone is admissible and not the details of the complaint made by the complaining witness.

It was, therefore, error for the court to charge the jury that the testimony regarding the complaint could be considered as corroboration of the complainant's testimony and to refuse to charge that it was not corroborative.

In view of the fact that it was not definitely proven when the rupture of the hymen took place or when the parts became irritated, it was error for the court to refuse to charge that the absence of the hymen was not corroborative of the testimony of the complaining witness.

It was error for the court, in charging that the mere presence of the complaining witness in an automobile with the defendant was not corroborative of her testimony, to add that the jury might consider that fact on the subject of corroboration, for while opportunity may be considered as one of the circumstances in the case, it is not corroborative of the testimony of the complaining witness.

It was error for the court to charge that the complaint by the complaining witness to her father and mother, and the physical condition of the complaining witness, and the opportunity, might be sufficient to satisfy the requirements of the law as to corroboration.

It was not error for the court to refuse to charge that there was no corroboration of the fact of penetration, for there was some evidence to corroborate that fact in that there was evidence that stains were on the clothing of the complaining witness, although that evidence was seriously affected by proof that the complaining witness had recently completed a menstrual period and was suffering from a disease of the private organs.

A conversation had between the defendant and the father of the complaining witness, shortly after the commission of the alleged crime, in which the defendant stated that he was " in wrong," and begged to have the matter settled so that he would not have to go to jail, did not constitute a confession on the part of the defendant of the commission of the alleged crime of rape in the second degree, because it might as well have applied to a crime of attempted rape or to the lesser crime of impairing the morals of a child.

The conversation, however, between the defendant and the father of the complainant was some corroboration of the testimony of the complaining witness.

It was error for the court to refuse to permit a witness, on the part of the defendant, to testify that complainant's father told her that he had to punish complainant in order to get from her a statement as to what had occurred between her and the defendant, because that testimony would have tended to show that the alleged complaint on the part of the complaining witness was not voluntarily made.

APPEAL by the defendant, Adolph Brehm, from a judgment of the County Court of the county of Orange, rendered on the 12th day of March, 1926, convicting him of the crime of rape in the second degree; also from an order entered in the office of the clerk of the county of Orange on the 23d day of March, 1926, denying defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the same day, denying defendant's motion in arrest of judgment.

Second Department, November, 1926. [Vol. 218

Defendant was sentenced to imprisonment for not less than three nor more than ten years.

*Henry Hirschberg* [*William P. Gregg* with him on the brief], for the appellant.

*Elmer H. Lemon, District Attorney,* for the respondent.

MANNING, J. The act with which the defendant was charged was an assault committed, on the evening of May 22, 1925, upon a thirteen-year-old girl. It is undisputed that if he did commit the assault, the act was committed on that evening only. The defendant had been tried on this charge twice before, and on each of those trials the jury disagreed.

Upon the present trial a physician testified to having made a physical examination of the girl in the forenoon of the day following the alleged assault. The examination disclosed an absence of the hymen and an irritation of the organs. The doctor testified that he could not say how long the hymen had been ruptured before the date of his examination, and that there was " no way of telling " when the irritation had been caused. When asked whether the causation might not have taken place two weeks before the date of the examination, he said: " I do not know how you are going to judge it." On cross-examination the complainant was asked whether she did not, prior to May 22, 1925, have sexual intercourse with defendant's brother, and also whether she did not, within two weeks prior to that date, have similar intercourse with one Milton Parker. An objection to these questions was sustained, and the complainant was not permitted to answer.

In connection with rape upon one who is under the statutory age of consent, it is immaterial whether the prosecutrix had had connection with other men or whether she did or did not consent to the performance of the particular act involved. (*People* v. *Marks,* 146 App. Div. 11.) But here the situation is peculiar. The physician had testified that the hymen was absent and that he could not say when the condition disclosed had been caused. The irritation and the absence of the hymen might, therefore, have been due to acts committed by others. The complainant had testified that defendant's act, committed on the evening preceding the examination, was the cause. So it became highly important for the defendant to show, if he could, that she had had illicit relations with other men — this not for the purpose of showing that her acts were promiscuous, for that, as has been stated, was immaterial, but for the reason that it bore upon the very close question in this case, *i. e.*, whether the condition which the doctor found, and of the origin of which he was uncertain, was due

to the alleged act of the defendant on the evening of May 22, 1925.

A similar situation arose in *People* v. *Betsinger* (11 N. Y. Supp. 916, decided by the General Term, Fourth Department, in 1890). There the prosecutrix, at the time of the trial, was fifteen years of age. A physician testified that nearly three months after the offense was alleged to have been committed he examined her and found the hymen absent, that there were traces of it but that it was not intact and not in a normal condition for a virgin. An attempt was made to show, by cross-examining the prosecutrix, that she had had illicit intercourse with other men. The trial court excluded the evidence, stating: " I deem it non-essential, entirely, whether this child has been raped or otherwise ill-treated a dozen times prior to this." Commenting upon the trial court's ruling and statement, the General Term said: " Surely, if she had ' been raped or otherwise ill-treated a dozen times prior to this,' the time when Dr. Head made the personal examination of her, the force of the facts stated by him in his narration of the condition in which he found her at the time he made the examination would have been broken, and it would have been for the jury to say whether or no the condition in which he found her was by reason of any act of the defendant, or by reason of her practices with other parties. (*People* v. *Crapo*, 76 N. Y. 288, affirming 15 Hun, 269.)"

In the circumstances here disclosed the defendant should have been permitted to present such evidence as would tend to show that others, not he, had caused the condition concerning which the physician testified.

On the evening of the alleged assault, after the girl had gone to bed, and also on the following morning, her father and mother, having discovered that she had been with defendant in his automobile, went to her room and questioned her. The mother was permitted to testify that at the first interview her husband asked the girl whether she had been " out with the Brehm fellow," and that the girl said she had. The mother also testified that at the second interview, on the following morning, she asked her daughter " if Brehm had bothered her the night before," and that the daughter answered " yes." This testimony of the mother was corroborated by the girl herself in the following language: " She asked me if Brehm had bothered me and I said ' yes.' * * * She says, ' Did he do anything to you? ' and I said ' yes.' "

The fact that the prosecutrix made a complaint, and the circumstances under which it was made, are relevant, but the terms of the complaint itself are not relevant. (*Regina* v. *Walker*, 2 M. & Rob. 212.) In every case the virtue of the disclosure lies in the fact

that the prosecuting witness, shortly after the occurrence, went to some one voluntarily and complained of her experience. In the case in hand the girl did not go to any one, did not complain to any one, and did not make a voluntary statement. The disclosure was drawn from her by leading questions put by her father and mother. The admission of such evidence is condemned in *People* v. *Deitsch* (237 N. Y. 300). In that case the complaining witness was eight years of age. Her condition after the assault, as disclosed by the medical examination, was sufficient to support her story that a rape had been committed. There was testimony that immediately after the assault she had complained to a neighbor. There was also testimony that half an hour later, " not as the natural result of reaction to the crime, but in reply to questions," she gave the details concerning it to a policeman. The testimony as to her voluntary general disclosure was held to be competent. The admission of her testimony as to details was declared to be error, the court saying: " Any incompetent testimony tending to strengthen in the minds of the jury the identification of the [defendant by the] complainant was harmful." In *People* v. *Clemons* (37 Hun, 580) the court said: " And the governing rule here must be deemed such that the particulars of the complaint made by the prosecutrix to a third person, in the absence of the person charged, are not, to any extent, admissible in chief upon the trial, but that the fact that complaint by the prosecutrix of the outrage, giving the nature of it, was made may be received. And it may also be shown that the name of the person complained of, and other particulars, were mentioned by her to the witness, but what was stated in those respects is not admissible." In *Baccio* v. *People* (41 N. Y. 265) the court quoted with approval from Russell on Crimes (8th Am. ed. vol. 1, p. *689) as follows: " It is the usual course, in cases of rape, to ask the prosecutrix whether she made any complaint, and, if so, to whom: and if she mentions a person to whom she made complaint, to call such person to prove *that fact;* but it has been the invariable practice not to permit either the prosecutrix, or the person so called, to state the particulars of the complaint, during the examination in chief."

To admit such testimony was reversible error, *first*, because the disclosure was not spontaneous, and, *secondly*, because it related particulars.

It follows that the court also erred in charging the jury that the testimony regarding the disclosure could be considered as corroboration of the complainant's testimony, and in refusing to charge that it was not corroboration.

In view of the fact that the assault is alleged to have taken place

on the evening preceding the physical examination, and of the further fact that the doctor could not say whether the hymen had been missing the day before or within a period of several days, it is inferable that the hymen may have been ruptured before the evening in question, and in that event the cause must have been the act of some one other than the defendant. In the light of this, I think it was error for the court to refuse to charge that the absence of the hymen was not corroborative of the girl's story. As stated in *People* v. *Shaw* (158 App. Div. 146), " The gonorrhea and the ruptured hymen were evidence pointing towards intercourse with somebody, but pointing no more in the direction of this defendant than in any other direction." The corroborative evidence " must be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime, and the corroboration must extend to every material fact essential to constitute the crime." (*People* v. *Cole*, 134 App. Div. 759.) In that case it was held that the testimony of a complaining witness in a prosecution for rape was not corroborated by evidence that she became pregnant and that defendant had opportunity to commit the crime.

The court was asked to charge that the mere fact that the defendant was in the automobile with the complainant and had opportunity to commit the crime was not a corroboration of her story and would not alone warrant the jury in finding defendant guilty. The court replied: " I so charge, but it may be considered by them on the subject of corroboration." Opportunity, as I understand the rule, may be considered as one of the circumstances in the case, for without opportunity there could be no crime, but it is not corroboration and cannot be considered on the subject of corroboration. In *People* v. *Kingsley* (166 App. Div. 320) the court said: " It cannot be possible that the corroboration required by the section of the Penal Law referred to can to any extent rest upon the mere opportunity for the commission of the offense." (See, also, *People* v. *Cole, supra.*) " That a man could have done a wrongful act is, by itself, no sufficient proof that he did it." (2 Whart. Crim. Ev. [10th ed.] § 798.)

The court was also unfortunate in charging the jury as follows: " Declarations made by the female claimed to have been defiled, which disclosures made within a reasonable length of time; proof of the absence of the hymen; proof of the opportunity may of itself be sufficient to satisfy the law which requires corroborative evidence." The details of the disclosure were not corroboration. " They were the mere declarations of the complainant and were no stronger than her testimony." (*People* v. *Page*, 162 N. Y. 272,

275.)   And the testimony as to the absence of the hymen and as to opportunity being, each by itself, insufficient to constitute corroboration, I fail to see how they, taken together, could be corroboration.

The court refused to charge that there was no corroboration of penetration.   As I have stated, the fact that the hymen was missing was evidence that at some time it had been penetrated by someone or something, but, in view of the doctor's testimony, it was not evidence of the fact that the rupture was made by defendant on the night preceding the examination; and if the rupture was not made by him then, it was not made by him at any time.   Stains on the clothing, of which there is evidence, may, I suppose, be regarded as some evidence of penetration by the defendant, although there is evidence that the complainant had a menstrual flow on the preceding Wednesday, at which time she was wearing the bloomers; and on a previous trial she testified that she was wearing the white slip on Wednesday.   Then, too, there is evidence that she was afflicted with leucorrhoea, which is a discharge.   Furthermore, the doctor testified that the complainant told him, at the time of the examination, that she had " just finished " her menstrual period " a day or so before."

The court refused to charge that the conversation between defendant and the father of the complainant, had on the Sunday morning following the alleged occurrence, was neither a confession of the crime of rape in the second degree nor a corroboration of the complainant's charge.   The girl's father testified that defendant said he was " in wrong " and begged that the matter be settled so that he " would not have to go to jail."   This, although a confession that defendant had done something for which he was liable to go to jail, was not necessarily a confession of rape.   A similar confession could have been made by one who had committed the crime of attempted rape, or the lesser crime of impairing the morals of a child.   It was, however, some corroboration of the girl's story.   It may have indicated a guilty conscience.

A girl companion of the complainant was called as a witness in defendant's behalf and was asked whether the complainant's father did not say to her that he had to punish complainant in order to get from her a statement as to what had occurred between her and defendant.   The court sustained an objection and the testimony was excluded.   I think this was error.   The relevancy of the father's testimony, as corroborative of his daughter's statement, depended upon whether the so-called disclosure was made voluntarily or was drawn from her by fear of punishment, and defendant should have been permitted to question the witness in this respect.

Because of the errors noted, I am of opinion that the defendant's rights were prejudiced and that a new trial should be had.

The judgment of conviction of the County Court of Orange county should be reversed upon the law and the facts, and a new trial ordered.

KELLY, P. J., JAYCOX, YOUNG and KAPPER, JJ., concur.

Judgment of conviction of the County Court of Orange county reversed upon the law and the facts, and a new trial ordered.