THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CROES, Appellant.— Judgment of the County Court, Kings County, convicting defendant of the crime of rape in the second degree, affirmed. The defendant's guilt was clearly established. Assuming that there had been intercourse on two separate days, the corroboration covers both. There is no basis for the claim that the

" Court animatedly presented the People's case but omitted the defendant's case."
While the court in reviewing the evidence made some misstatements, they were
inconsequential and did not affect the defendant's substantial rights; and as there
was no exception to the charge, the error, if any, may be disregarded under section
542 of the Code of Criminal Procedure. Lazansky, P. J., Johnston and Close, JJ.,
concur; Hagarty and Adel, JJ., dissent and vote to reverse the judgment and
to order a new trial, with the following memorandum: There was no evidence of
corroboration of the complaining witness' testimony. The fact that the defendant
paid for a pregnancy test is not corroboration of an act of intercourse on the day
alleged in the indictment, because the complaining witness also testified to the
happening of such an act on another day. (*People* v. *Robertson*, 88 App. Div.
198; *People* v. *Farina*, 134 id. 110.)