THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWIN R. ANTHONY, Appellant.

Argued October 17, 1944; decided December 30, 1944.

*Charles J. Duncan* for appellant. Pregnancy is not corroboration of the testimony of the complaining witness in a prosecution for rape and the trial court erred in charging that it is. (*People v. Doyle,* 158 App. Div. 37; *People v. Whitson,* 195 App. Div. 910, 234 N. Y. 517; *People v. Haischer,* 81 App. Div. 559.)

*Earle J. Wiley, District Attorney (Robert T. Murray* of counsel), for respondent. The court did not err in charging that pregnancy in connection with other evidence may be considered as proof of the crime. (*People v. De Nigris,* 157 App. Div. 798; *People v. Downs,* 236 N. Y. 306.)

*Per Curiam.* The questions for the determination of the jury were close ones. The case must be reversed because of an error in the instructions to the jury. The crime charged was rape in the first degree. It was established that the complainant, aged fourteen years at the time of the alleged commission of the crime, had become pregnant. The court was requested to charge by defendant's counsel: " I ask your Honor to charge that the pregnancy of the complainant is no corroboration of the crime charged here. The Court: I refuse to charge it in those words. I will charge that they are to consider it together

with all the other evidence in the case. Defendant excepts. [Counsel] : I ask your Honor to charge that pregnancy is no corroboration of the crime charged here. The Court: I decline to so charge. Defendant excepts. The Court: As it stands, by itself, it is no corroboration, but in connection with other evidence, they may consider it. [Counsel] : I except to your Honor's qualification.''

In *People* v. *Whitson* (234 N. Y. 517), we reversed a conviction upon the dissenting opinion of COCHRAN, J., reported in 195 App. Div. 910, 911. In that opinion, it was said: '' It has been many times held that pregnancy or birth of a child constitutes no corroboration of the complaining witness as to the guilt of a defendant. It is of course highly satisfactory evidence of the guilt of someone but it does not tend to connect a defendant with the commission of the crime. (*People* v. *Cole,* 134 App. Div. 759; *People* v. *Taleisnik,* 225 N. Y. 489, 493; *People* v. *Robertson,* 88 App. Div. 198; *People* v. *Shaw,* 158 id. 146; *People* v. *Bills,* 129 id. 798; *People* v. *Farina,* 134 id. 110, 113.) '' We repeated that in *People* v. *Croes* (285 N. Y. 279, 282), pointing out, in a case where the crime charged was rape in the second degree, that the pregnancy of the complainant was proof that a crime had been committed by someone but did not constitute '' other evidence '' of defendant's guilt, required by Penal Law, section 2013, to support the testimony of the complainant. (See, also, *Armstrong* v. *People,* 70 N. Y. 38, 43; *People* v. *Flaherty,* 27 App. Div. 535, 536, 545, 546, reversed on other grounds, 162 N. Y. 532.) We pass upon no other question.

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.