THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DARWIN DUNBAR, Defendant.

City Magistrate's Court of New York, Borough of Queens, Felony Court, April 26, 1954.

*Thomas O. Plunkett* for defendant.

*T. Vincent Quinn, District Attorney (William M. Blake* of counsel), for plaintiff.

J. I. SHAPIRO, M. A woman thirty-three years of age (hereinafter called the complainant or prosecutrix), who has been a mental defective since birth, and who could not be sworn or give an unsworn coherent story, became pregnant as a result of which a legal abortion had to be performed upon her.

The defendant admitted that he had had sexual intercourse with the complainant at a time or times that would coincide with the complainant's pregnant condition and the foetus of which she was delivered.

As a consequence, the defendant is charged with rape in the first degree, upon a complaint which alleges that he perpetrated an act of sexual intercourse with complainant, a person not his wife, when through idiocy, imbecility and unsoundness of mind she was incapable of giving consent to that act (Penal Law, § 2010, subd. 1).

As has been noted, the prosecutrix did not testify or make a statement in support of the allegations of the People's case. Thus, at the end of the People's case, the only testimony in the record was that of the two doctors as to the complainant's mental condition, her pregnancy, the performance of the necessary abortion upon her, and the defendant's confession as to his acts of intercourse with her.

The defendant, in moving to dismiss the complaint, relies in the main upon the provisions of section 2013 of the Penal Law which provides that " No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence." That statutory law is but the embodiment of the common law. " It has its origin in the fact that crimes of this nature are easily charged and very difficult to disprove, in view of the instinctive horror with which mankind regards them." (*People* v. *Friedman,* 139 App. Div. 795, 796.)

Recognizing the natural prejudice with which the average jury would look upon one charged with the crime of rape, and the ease with which a designing female could make such a charge, the courts of this State have been most rigid in their insistence that the " other evidence " required by section 2013 of the Penal Law, over and above the testimony of the " female defiled " must extend to every material detail of the crime charged. (*People* v. *Croes,* 285 N. Y. 279; *People* v. *Downs,* 236 N. Y. 306; *People* v. *Page,* 162 N. Y. 272; *People* v. *Adler,* 272 App. Div. 1032; *People* v. *Mahoney,* 280 App. Div. 816.) As the court succinctly said in *People* v. *Downs* (*supra,* p. 308), cited with approval in *People* v. *Croes* (*supra*): " The ' other evidence ' required by the statute must be of such character as tends to establish, first, that the crime of rape was committed by somebody, and, second, that the defendant was the one who committed the crime (*People* v. *Terwilliger,* 74 Hun 310; affd. on opinion below, 142 N. Y. 629) and whether consisting of acts or admissions must extend to every material fact essential to constitute the crime (Underhill on Criminal Evidence, p. 74; *People* v. *Page,* 162 N. Y. 272, 274.) ".

And it has been held that mere proof of a complainant's pregnant condition is not sufficient to " satisfy the statutory requirement of ' other evidence ' " (*People* v. *Croes,* 285 N. Y. 279, 282) for it merely establishes sexual intercourse with someone and not necessarily with the defendant charged with the commission of the act of rape. (*People* v. *Anthony,* 293 N. Y. 649; *People* v. *Hornbeck,* 277 App. Div. 1136; *People* v. *Whitson,* 195 App. Div. 910; *People* v. *Doyle,* 158 App. Div. 37; *People* v. *Farina,* 134 App. Div. 110; *People* v. *Cole,* 134 App. Div. 759; *People* v. *Haischer,* 81 App. Div. 559.)

In analyzing the language used in the foregoing cases with respect to the requirement that every material element of the rape must be corroborated, sight must not be lost of the *essential* fact that in each of those cases the court was talking of the kind of " other evidence " required to corroborate the testimony of the complainant, for it is under such circumstances, and under such circumstances only, that section 2013 of the Penal Law comes into play.

That section, however, is of no utility in determining whether the proof in this record is sufficient because here no conviction is sought " upon the testimony of the female defiled " since she has given no testimony, either sworn or unsworn, in support of the allegations contained in the complaint.

What rule of law then must be applied under such circumstances? Is it the ordinary rule of law encompassed in section 395 of the Code of Criminal Procedure, which in effect states that a confession of a defendant is admissible against him (except under circumstances there outlined) " but is not sufficient to warrant his conviction without additional proof that the crime charged has been committed ", or is the requirement different because a sex crime is involved?

The District Attorney, although opposing the defendant's motion to dismiss, has failed to submit any brief and the court's independent research has revealed no case either in this jurisdiction or elsewhere dealing with the precise set of facts here involved.

Basically, however, a sex crime — except as a statute may mandate a different or higher degree of proof — stands on no different footing from any other crime. It may be established by the same character and amount of proof that may establish any other criminal charge (Sodomy: Penal Law, § 690; *People* v. *Doyle,* 304 N. Y. 120; Carnal abuse of a child: Penal Law, §§ 483-a, 483-b), and I find no provision of law which holds that

where the prosecutrix has not or cannot be called as a witness, the People's charge of rape may not be established by the use of the defendant's confession and " additional proof that the crime charged has been committed " as provided by section 395 of the Code of Criminal Procedure.

True it is, that in *People* v. *Taleisnik* (225 N. Y. 489, 494), the court said: " The measure of corroboration required in the so-called sexual crimes (Penal Law, sections 2013, 2177, 2460, subdivision 9) is more than that demanded by section 395 of the Code of Criminal Procedure respecting confessions ", but as in the other rape or seduction cases cited above that quotation from the court's opinion must be considered in connection with the testimony in that case, and it merely means that where the People call the prosecutrix as a witness, *as was done in that case,* they are required by the appropriate provisions of the Penal Law (rape, § 2013; seduction, § 2177; compulsory prostitution, § 2460), to corroborate her testimony by the kind and quality of " other evidence " delineated in the decisions above set forth (viz., *People* v. *Croes,* 285 N. Y. 279).

The court in the *Taleisnik* case was merely determining whether there was sufficient " other evidence " in support of the testimony of the female defiled to warrant a conviction under section 2177 of the Penal Law (that was a seduction case), and the language used therein must be interpreted, applied and limited to the framework in which that language was used. (*Dougherty* v. *Equitable Life Assur. Soc.,* 266 N. Y. 71, 88.)

This court has come to the conclusion that under the facts of this case no higher or other degree of proof is required than would be requisite in any other criminal case.

The next inquiry therefor is whether the People have proved their case even under the requirements of section 395 of the Code of Criminal Procedure.

The law is well settled that a conviction may not be had upon a confession alone unsupported by other evidence that the crime confessed to has *in fact* been committed, but it is not necessary that there be proof, independent of and apart from the confession itself, that the crime, which has in fact been committed, has been committed by the defendant. Thus in *People* v. *Deacons* (109 N. Y. 374, 377–378), the court said: " It is claimed, however, that the verdict rested mainly upon it, and should not have done so for another reason. The Code of Criminal Procedure, in the last clause of the section above referred to, further provides that the confession shall not be

sufficient to warrant a conviction ' without additional proof that the crime charged has been committed;' and it is claimed that the finding of the body was not such additional proof. That is a mistaken construction. The crime charged was the murder of Mrs. Stone. That fact was conclusively proved by the finding of her dead body with the unmistakable marks of a murder committed. The meaning of the Code is that there must be some other evidence of the *corpus delicti* besides the confession, the purpose being to require some proof of the death, and the violence which caused it, outside of and beyond the mere confession of the prisoner. In a case where the body is not found, and there is no proof of violence or of death except by the confession of the accused, that confession will not suffice. *There must be some evidence of the existence of the criminal fact to which the confession relates.''* (Italics supplied.)

In *People* v. *Roach* (215 N. Y. 592, 600), the court said: `` It is further claimed that these confessions were not sufficiently corroborated to justify the verdict of the jury. It is provided in section 395 of the Code of Criminal Procedure that the confession of the accused ' is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.' It will be observed that the statute does not require that the confession itself shall be corroborated. It provides merely that alone it shall be insufficient to warrant conviction. The only additional proof which the statute makes necessary to justify a jury in convicting a defendant who has confessed his guilt is that there shall be proof ' that the crime charged has been committed.' *There must be evidence in addition to the confession to prove the corpus delicti, but when, as in this case, the corpus delicti is proved by independent evidence, and the defendant has voluntarily confessed his guilt, a case for the jury is made out, and a conviction based upon such testimony is warranted in law.''* (Italics supplied.)

The proof in this case comes squarely within the rules laid down in the *Deacon* and *Roach* cases (*supra*), and many others to the same effect (*People* v. *Brasch,* 193 N. Y. 46, 60; *People* v. *Burness,* 178 N. Y. 429, 431; *People* v. *Giusto,* 206 N. Y. 67; *People* v. *Cuozzo,* 292 N. Y. 85; *People* v. *Pina,* 270 App. Div. 404, affd. 296 N. Y. 669; *People* v. *Lo Turco,* 256 App. Div. 1098, affd. 280 N. Y. 844; *People* v. *Jaehne,* 103 N. Y. 182, and *People* v. *Shanks,* 201 Misc. 511).

In this case the mental condition of the complainant conclusively indicates her inability to consent to any act of sexual inter-

course. Her pregnancy therefore necessarily establishes, as a matter of law, that it resulted from a criminal act of rape perpetrated·upon her *by someone*. The defendant's confession says that· he was the one. The two taken together are sufficient to warrant a conviction of the defendant as a matter of law. ·We have the confession of the defendant and the proof of the *corpus delicti*, i.e., that the crime charged, the rape, has in fact been committed by someone. The requirements of section 395 of the Code of Criminal Procedure have thus been fully met.

Under the circumstances, the motion of the defendant to dismiss the complaint is denied and the defendant is held for the action of the grand jury.