THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BIENVENIDO E. MOTA, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered on January 10, 1972, convicting him of rape in the first degree and possession of a weapon, dangerous instrument and appliance as a misdemeanor (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Latham, Gulotta and Christ, JJ., concur; Munder, Acting P. J., dissents and votes to reverse the judgment and order a new trial on all counts, with the following memorandum, in which Benjamin, J. concurs: I conclude there was insufficient corroborative evidence of the element of force and therefore the conviction of rape in the first degree cannot stand (see Penal Law, § 130.00, subd. 8). There should be a new trial on all counts. The record discloses that defendant and the complainant first met about six weeks prior to the day of the alleged crimes. After their first meeting, they double-dated with the complainant's brother and his girl friend and on at least two or three occasions defendant drove the complainant to and from work alone. Defendant testified that he and the complainant engaged in passionate petting more than once. On August 13, 1970, defendant, on the pretext of driving the complainant to work, drove instead across the George Washington Bridge and north to a spot on the New York Thruway. Along the way, the complainant telephoned her office to say she would be late for work. Defendant stopped his automobile on the side of the road near a heavily wooded area, stating that the car was overheated. He opened the hood and used a knife to move the radiator cap. He then told the complainant he wanted to have intercourse with her. According to defendant, she agreed. According to the complainant, defendant forced her into the woods and threatened to stab her unless she submitted. According to her, she feared for her life. I cannot accept her version. According to the complainant, she herself removed all her clothing. It was not torn or ripped off her. After one act of intercourse, defendant left the knife on the ground and walked back to the automobile to get a rifle which he had left there. The complainant made no attempt to get dressed, or to pick up the knife, or to run away. Instead, she waited until defendant returned and then she submitted to a second act of intercourse. Following that, she dressed and walked with defendant to the automobile, carrying her shoes, stockings and a girdle. They there met a State trooper who had observed the parked automobile and started questioning them about it and also about what they were doing. At first, the complainant said nothing, but after a few minutes, in response to a question by the trooper whether she had been raped, she answered in the affirmative. The complainant further testified she

screamed only after the second act of intercourse when defendant threatened to cut her face with a razor. A doctor testified that his examination revealed no evidence of any bruises or cuts around the genital region, thighs or lower abdomen. In fact, there was no evidence whatever of physical abuse. In view of all these factors, viz., the more than friendly relationship of the parties prior to the incident, the absence of bruises or cuts or torn clothing, the complainant's failure to flee when given the opportunity, her admission that she screamed only *after* the second act of intercourse, and her failure to make prompt complaint to the police officer, it is my opinion that there was a failure of proof of an essential element of the rape, namely forcible compulsion. As was stated in *People* v. *Carey* (223 N. Y. 519, 520), " Rape is not committed unless the woman oppose the man to the utmost limit of her power (*People* v. *Dohring*, 59 N. Y. 374). A feigned or passive or perfunctory resistance is not enough. It must be genuine and active and proportioned to the outrage." That resistance was not shown here and therefore I vote to reverse.