(162 App. Div. 182)

### PEOPLE v. McCOY et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

1. ADULTERY (§ 11*)—EVIDENCE—ADMISSIBILITY.

On a trial for adultery, evidence of the prior relations of the parties was competent to show their lascivious inclinations.

[Ed. Note.—For other cases, see Adultery, Cent. Dig. §§ 20, 23; Dec. Dig. § 11.*]

2. CRIMINAL LAW (§ 422*)—EVIDENCE—DECLARATIONS OF CODEFENDANT—ADMISSIBILITY.

On a trial for adultery, declarations of a defendant are not competent against a codefendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 984–988; Dec. Dig. § 422.*]

3. ADULTERY (§ 14*)—EVIDENCE—SUFFICIENCY.

Evidence *held* not to sustain a conviction of adultery, alleged to have occurred on a designated date.

[Ed. Note.—For other cases, see Adultery, Cent. Dig. §§ 27, 31, 32; Dec. Dig. § 14.*]

Kellogg, J., dissenting.

Appeal from Washington County Court.

Marshall McCoy and Susan Norton were convicted of crime, and they appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas A. Sherman and John Van Valkenburgh, both of Hudson Falls, for appellants.

Erskine C. Rogers, of Hudson Falls, for the People.

SMITH, P. J. [1, 2] The defendants have been convicted of the crime of adultery committed upon the 30th day of August, 1913. The judgment is challenged upon various grounds. The evidence as to the prior relations of the parties was clearly competent to show the lascivious inclinations. The court properly held that the declarations of McCoy were not competent evidence against the defendant Norton. Evidence as to the contents of the notice served by Palmer upon McCoy was probably incompetent, but was clearly harmless. The record leaves no room for doubt of adulterous relations between these parties for several years preceding the time named in the indictment. If the letter written by the defendant McCoy to his wife from the Globe

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hotel be genuine, of which there seems to be no reasonable doubt, there is no doubt that the other exhibits in the case claimed to have been written by McCoy were also written by him. The entries in the diary and in the typewritten memorandum, upon which was written memorandum in the handwriting of McCoy, would seem to indicate a morbid nature, and to corroborate the claim of the people as to the improper relations which had for a long time existed between the defendants.

[3] The adultery for which these defendants have been convicted, however, was alleged to have taken place upon the morning of the 30th of August, 1913. Giving to their past relations all the force to which they are entitled, in my judgment the defendants have not been proven guilty of adultery upon the date in question. Without reciting the evidence in detail, the failure of the proof presented by the prosecution lies in two facts. It would seem to be established that upon the night of the 29th the defendant McCoy was at the Sheldon House at Ft. Ann until very late in the evening. The defendant's store, where the adultery is claimed to have been committed, was dark all of that evening. McCoy probably did not reach Hartford until about 4 o'clock the next morning. It is hardly probable that the defendant Norton was concealed in his store all during the previous evening and that night, or that she entered it before 5 o'clock in the morning. There is no evidence that any one saw her enter the store at any time, although a watch was kept upon the store from 5 o'clock that morning until half past 10, when she was seen to come from the store. But this watch which was kept upon the store from early morning until the time the defendant Norton came out was not complete. There was a door upon the north side which was not watched. That was a door which was sometimes used for entry into the store, and the defendant McCoy swears that it was through this door that the defendant Norton came about 10 minutes before she was seen to leave it at half past 10. There is no evidence that this was not true, and the prosecution has failed to sustain the burden of proof beyond a reasonable doubt that the defendant Norton was in that store either the night before or in the early morning of the day upon which it is alleged the adultery was committed. For this reason the conviction should be reversed and a new trial granted.

Judgment of conviction reversed and new trial granted. All concur except KELLOGG, J., dissenting in memorandum.

JOHN M. KELLOGG, J. I dissent. I think clearly the crime was committed August 30th as alleged. If not, the evidence is conclusive that it was committed at the same place August 31st. Under sections 280, 293, of the Code of Criminal Procedure, the particular date is no part of the offense, and need not be alleged. In People v. Krank, 110 N. Y. 488, 18 N. E. 242, the defendant was indicted for selling liquor on July 3d, Saturday. The proof showed the sale on the day following, Sunday. The conviction was held proper. See, also, People v. Jackson, 111 N. Y. 362, 19 N. E. 54, and People v. Davey, 179 N. Y. 345–349, 72 N. E. 244.