## COUNTY COURT — BRONX COUNTY.

### March, 1916.

## THE PEOPLE v. HARRY GILBERT.

### (96 Misc. 660.)

INDICTMENT *—WHERE MOTION FOR BILL OF PARTICULARS GRANTED—EVI-
DENCE—JURISDICTION.

While an indictment is required to contain such a specification of acts and descriptive circumstances as will on its face fix and determine the identity of the offense charged with a sufficiently specific degree to appraise defendant of the charge he will be required to meet on the trial, the district attorney should not be required to disclose the evidence to be used by him on the trial of the indictment.

Where defendant was charged by indictment with having committed the crime of rape in the second degree between the 6th and 13th days of October, 1913, within the jurisdiction of the court, his motion for a bill of particulars setting forth: 1, the particular date when it is claimed that the alleged offense was committed; 2, the particular place, giving street and number and locality where the alleged offense was claimed to have been committed, and, if in a dwelling, in what part thereof such offense is claimed to have been committed, and 3, the day, month and year when the prosecutrix was born, also the city, town and State where she was born, or if in a foreign country, the name of such country, province, city or town or other locality, will be granted.

MOTION directing the service of bill of particulars.

*Francis Martin,* District Attorney (*Edward J. Glennon,* of counsel), for People.

*Ely Neumann,* for defendant.

GIBBS, J.:

This is a motion made by the defendant for an order directing the district attorney to serve the defendant with a bill of

---

* See Notes, Vols. 6, p. 374; 10, p. 558; 14, p. 174; 22, p. 454.

particulars setting forth the following information: " (a) The particular date when it is claimed the alleged offense was committed.   (b) The particular place, giving street and number and locality, where the alleged offense was claimed to have been committed, and if in a dwelling, in what part of the dwelling such offense is claimed to have been committed.   (c) The day, month and year when the prosecutrix was born, also the city, town and state where she was born, or, if in a foreign country, the name of such country, province, city or town or other locality."

The demand of the defendant herein follows his indictment, which was handed down on or about February 11, 1914, of the crime of rape in its second degree, wherein it is charged that he committed the rape upon the prosecutrix *between the sixth and thirteenth days of October,* 1913, in the county of Bronx.

I have examined this question with considerable care and find that the general rule with reference to particularity in indictments seems to be that the indictment is required to contain such a specification of acts and descriptive circumstances as will on its face fix and determine the identity of the offense with a sufficiently specific degree to apprise the defendant of the charge he will be required to meet on the trial.   In Abbott's Trial Brief of Criminal Causes, second edition, under the heading of " Bill of Particulars," the following statement occurs: " If the charge against the accused is so general or indefinite that he cannot properly prepare his defense, the court should order the prosecuting officer to give him a bill of particulars," citing Com. v. Snelling (15 Pick. 321); People v. Bellows (2 N. Y. Crim. 12, 1 How. Pr. [N. S.] 149).

I do not think that the district attorney should be required to give the defendant the evidence in his possession and which will be used by him in the prosecution of the alleged crime against the defendant.   The courts have uniformly held that a party cannot be compelled to disclose his evidence in a bill

of particulars. To grant requests (b) and (c) would be a violation of this principle in pleading, as these are matters of evidence.

It is sufficient for the purposes of preparation for the defendant, in so far as the last two mentioned demands are concerned, that the indictment alleges that the crime was committed in the county of Bronx, and that it was committed then and there upon a female under the age of eighteen years.

The case quoted in the brief submitted by the learned counsel for the defendant do not bear upon this question. As to request (a), namely that the district attorney furnish the defendant with the particular date when it is claimed that the alleged offense was committed, I am persuaded that in justice to the defendant this information should be furnished him, so that he may have a reasonable opportunity of meeting the charge made against him. " The indictment must state the facts of the crime, with as much certainty as the nature of the case will admit. There can be no latitude of intention to include more than what is charged. It must be explicit enough to support itself." (People v. Gates, 13 Wend. 311, 317.) Since the defendant can only be charged in this indictment with the commission of one crime and can be convicted for only one offense, it seems proper that he should have notice as to the particular date when the offense charged against him is alleged to have been committed. (People v. Flaherty, 162 N. Y. 532.) I am therefore forced to the conclusion that defendant's request (2) is reasonable and proper, and in the interests of justice should be granted. " Granting or refusing a demand for a bill of particulars is usually a matter within the sound discretion of the court, under the particular facts of the case." (Kelsey v. Sargent, 100 N. Y. 602; Messer v. Aaron, 101 A. D. 7.)

Motion granted as herein indicated.