## COUNTY COURT — ORANGE COUNTY.

### July, 1918.

## THE PEOPLE v. REGINA GOODMAN.

(104 Misc 106.)

INDICTMENT—WHEN DEMURRER THERETO SUSTAINED—LIQUOR TAX LAW—
CODE CRIM. PRO. §§ 275, 276.

An indictment charging a violation of the Liquor Tax Law which fails
to set forth any date on which the offense is alleged to have been com-
mitted is not sufficiently specific to apprise defendant of the charge
against him, and the demurrer on the ground that the indictment does
not conform to sections 275 and 276 of the Code of Criminal Procedure
will be sustained.

DEMURRER to indictment.

*Henry Hirschberg, District Attorney,* for the People.

*Scott & Sneed,* for defendant.

WIGGINS, J.:

The defendant has been indicted by the grand jury of the
county of Orange for an alleged violation of the Liquor Tax
Law, and has filed a demurrer to the indictment upon two
grounds, one of which is that the indictment does not conform
substantially to sections 275 and 276 of the Code of Criminal
Procedure, in that the indictment does not set forth any date
upon which the defendant is charged with having committed
the crime.

Section 276 of the Criminal Code sets forth a form of indict-
ment and says that the indictment may be substantially in that
form.   This, to say the least, suggests that an indictment should

set forth certain facts, and they are that the defendant, on a certain date, of a certain month, of a certain year, at a certain place, committed a certain. crime, specifying same.

The criminal laws of this State have been designed to apprise a defendant of the nature of the charge against him, the time when, and the place where, he is charged to have committed the crime. / This was undoubtedly the object of the Legislature when it specified the form of indictment to be used.

One of the reasons for making it essential that the date when the crime is alleged to have been committed should be set forth in the indictment is to meet the statutory requirement that the indictment is not barred by operation of the statute, which requires that indictments must be found within a limited period. The grand jury may not find an indictment simply because a crime has been committed. An indictment must be found within a certain period of time after the commission of the crime, as in the case of a misdemeanor, where the statute provides that an indictment must be found within two years atfer its commission. If the indictment was found after the time limited it would be void. It is the same in law as if no crime had been committed and the grand jury must disregard the evidence of the commission of the crime, for a person cannot be indicted for an offense which, by statute, is barred from being prosecuted. Thus, in this particular indictment, where no time, either day, month or year, is set forth as being the date upon which the crime is committed, it follows that the crime with which the defendant was charged might have been committed on a date which would make its prosecution barred under the statute.

In a prosecution under the Liquor Tax Law it has been held that proof of the commission of the crime on a date other than charged in the indictment is permissible, provided the date proven is within a short time of that set forth in the indictment, for in such case time is not the essence of the crime. (People v.

Krank, 110 N. Y. 488.) I am, however, unable to find any case in which an indictment has been sustained where the defendant is charged with the commission of a crime, but no date is set forth in the indictment. If the crime charged in the indictment, as an illustration, was a misdemeanor, as it could be said that the indictment was sufficient, the prosecution could upon the trial select any date within two years and charge the defendant with having committed the crime on that date; obviously the defendant would be at a great disadvantage, because he would be unable to properly prepare his case to meet the charge against him.    This would shock one's sense of fairness.

Indictments are required to state the facts of the crime with as much certainty as the case will permit, in order that the defendant may properly prepare for trial.    This was the view expressed in People v. Gilbert, 96 Misc. Rep. 660, where Mr. Justice Gibbs said: "I have examined this question with considerable care and find that the general rule with reference to particularity in indictments seems to be that the indictment is required to contain such a specification of acts and descriptive circumstances as will on its face fix and determine the identity of the offense with a sufficient specific degree to apprise the defendant of the charge he will be required to meet on the trial."

Since this indictment fails to set forth any date on which the crime is alleged to have been committed, I do not think the indictment is sufficiently specific to apprise the defendant of the charge.    The demurrer is sustained.

Demurrer sustained.