THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* STANLEY RUSSELL WRIGHT, Defendant.

County Court, Columbia County, January 3, 1940.

*Edward H. Best, District Attorney,* for the plaintiff.

*Connor & Wilson* [*William E. J. Connor* of counsel], for the defendant.

INMAN, J. The defendant has been indicted under a short form indictment for rape in the second degree and has pleaded not guilty. Pursuant to demand, the People have furnished a bill of particulars alleging that the defendant committed the crime of rape in the second degree contrary to section 2010 of the Penal Law in that on or about September 2, 1939, at the town of Livingston in the county of Columbia, he perpetrated an act of sexual intercourse with a certain named female not his wife aged seventeen

years. The defendant has moved for a further bill of particulars setting forth the hour and the particular place when and where the crime was committed. The bill of particulars already furnished is perhaps sufficient to meet the requirements of sections 295-h and 295-i of the Code of Criminal Procedure. The defendant became entitled to such bill of particulars as a matter of right, since the short form of indictment was used. Before the simplified form of indictment and its supporting bill of particulars were authorized by the 1929 amendment the court could, in its discretion, require a bill of particulars if it appeared reasonably necessary to enable a defendant to prepare his defense (*People* v. *Stedeker,* 175 N. Y. 57), and it would seem that the court still has such power.

In *People* v. *Gilbert* (96 Misc. 660; 118 id. 825) the court required the People to state the particular date on which the offense was committed but declined to require the People to disclose the place of the commission of the alleged offense, or the time and place of birth of the prosecutrix, holding that the latter were matters of evidence and not of pleading.

In 1935 the Legislature enacted section 295-l of the Code of Criminal Procedure under which the defendant here has been required to furnish the district attorney with a bill of particulars setting forth in detail the place or places where the defendant claims to have been together with the names, addresses and places of employment of the witnesses upon whom he intends to rely to establish his presence elsewhere than at the scene of the crime at the time of its commission, if the defendant intends to offer such testimony. Failure to comply with such demand may be followed by the exclusion of such testimony upon the trial.

Rape is not a continuing crime. The defendant by his plea has denied every element of the particular offense for which he was indicted by the grand jury. He is entitled to know for what particular offense he was indicted. He may have had sexual intercourse with the prosecutrix at many times and places but he may only be tried for the particular offense of which the grand jury has accused him. (*People* v. *Flaherty,* 162 N. Y. 532.) The People rely upon *People* v. *Rosen* (251 App. Div. 584), but there the time and place of the commission of the crime were described in the bill with considerable particularity. I am unable to agree with the conclusion reached in the *Gilbert* case. I think that the defendant is entitled to know the particular time and the particular place at which it is charged the crime was committed. (*People* v. *Stedeker, supra.*) This will not prevent the People from offering evidence as to similar offenses for purposes of corroboration if such evidence is available. (*People* v. *Flaherty, supra.*) The allegation

that the crime was committed on or about the second day of September is not sufficiently definite as to time, and the allegation that it was committed at the town of Livingston is not sufficiently definite as to place. The statutory requirement in regard to alibi witnesses has made it more necessary than before that the defendant be advised with exactitude as to the time and place of the commission of the alleged crime.

An order may be entered requiring the district attorney to serve a further bill of particulars setting forth the date, the approximate hour and the particular place within the town of Livingston at which it is alleged the crime was committed.