THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PAUL L. HAYNER, Defendant.

Supreme Court, Special Term, Broome County, April 26, 1950.

*Harry S. Travis* for defendant.

*Robert O. Brink, District Attorney (Samuel W. Bernstein* of counsel), for plaintiff.

ZELLER, J. Counts 1, 3, 5, and 7 of the indictment filed on February 21, 1950, charge the defendant with rape in the second degree by accusing him of having had sexual relations with one Kay Hayner, a female not his wife and thirteen years of age, on four specified dates, the first of which was August 23, 1947. Counts 2, 4, 6, and 8 charge him with incest by accusing him of the same acts on the same dates and in addition alleging that Kay Hayner is his daughter.

The defendant moves for a bill of particulars, for a severance of certain counts, and for an inspection of the Grand Jury minutes.

On February 24, 1949, this defendant was convicted of murder in the first degree. In effect the jury found that on May 17, 1948, with a premeditated design to effect the death of an infant child born on that date to his daughter Kay Hayner, the defendant did kill said new born infant. He was sentenced to death. On December 29, 1949, the Court of Appeals being " wholly unconvinced that the jury were justified in finding the fact of live birth to have been established beyond a reasonable doubt " reversed the conviction and ordered a new trial. (*People* v. *Hayner,* 300 N. Y. 171, 176.)

Thereafter, on motion of the District Attorney, the first degree murder indictment was dismissed and the indictment found which gives rise to these motions.

Defendant's motion for an order directing the District Attorney to furnish a bill of particulars is granted and particulars giving the date, time of day, and place where each act of sexual

intercourse alleged in the indictment occurred should be furnished the defendant within five days.

Several charges for the same act constituting different crimes or two or more acts constituting crimes of the same or similar character may be joined in the same indictment but the court, in its discretion, may order counts of an indictment tried separately where the charges involve two or more acts constituting crimes of the same or similar character which are neither connected together nor parts of a common scheme or plan. (Code Crim. Pro., § 279.) The defendant seeks a trial of the four rape counts separate from the trial of the four incest counts.

The defendant argues that the rules of law which apply to the proof necessary to convict for incest differ from those which apply in a rape case and that a jury, untrained in the legal distinctions, would be unable to render justice. However, it cannot be assumed that the charge to the jury concerning the elements of proof necessary to convict for each crime will not be adequate or that the jury will not apply it.

Assuming that the power to direct separate trials of different charges arising out of the same act exists, no persuasive reason is present in this case which requires such a direction. Defendant's motion for an order directing that counts 1, 3, 5, and 7 of the indictment be tried separately from counts 2, 4, 6, and 8 should be denied.

A careful reading of the transcript of the testimony given before the Grand Jury reveals no basis upon which any motion to dismiss any count of the indictment would be successful. Consequently, defendant's motion for an order directing the District Attorney to furnish him a transcript of such testimony should be denied.