Henry A. Hudson, J.
This is an application by the defendant, Michael F. Sobieraj, for a certificate of this court that in its opinion there is a reasonable doubt whether the judgment of rape in the second degree against him should stand.
The defendant was convicted on June 27, 1958 in the County Court of Oneida County. He was sentenced July 3, 1958 to *1052 imprisonment in the Attica State Prison for a term of from one and one-half to three years. Notice of appeal was filed and served on July 3,1958. Presently the defendant is in the Oneida County Jail.
The indictment upon which the defendant was tried reads as follows:
SUPREME COURT ONEIDA COUNTY THE PEOPLE OF THE STATE OF NEW YORK — Against — MICHAEL F. SOBIERAJ Defendant. THE GRAND JURY OF ONEIDA COUNTY, by this indictment, accuse Michael F. Sobieraj, defendant, of the crime of rape in the second degree, committed as follows:-The said defendant, in or about, and diming the month of June, 1957 and on various other occasions thereafter until the 30th day of October, 1957, but upon what particular days during that period, the Grand Jury is unable to more particularly set forth, at the City of Utica, in this County, he being a male person over the age of twenty-one years, perpetrated an act of sexual intercourse with Noreen Eleanor Moore, a female not his wife, of the age of sixteen years. Contrary to the form of the. statute in such case made and provided, and against the peace of the People of the State of New York and their dignity. John M. Liddy /s/ District Attorney, Oneida County, N. Y. A True Bill: Paul K. Finn /s/ Foreman.
The defendant made three separate motions for a bill of particulars fixing the time and place of the alleged crime. The first bill of particulars furnished by the District Attorney pursuant to an order of Honorable Ezra Hahagakt, Oneida County Judge dated June 6, 1958, stated that the crime charged was committed “sometime in about the middle part of June, *1053 1957, the exact date during said month, the District Attorney is unable to more particularly state.” The place of the crime was stated to be: “ in the parking lot adjacent to the Hathaway Bakeries, Inc., located at 1305 Conkling Avenue in the City of Utica, New York.” Pursuant to a further order of Honorable Ezra Hanagaw, Oneida County Judge, dated June 18, 1958, the District Attorney furnished a further bill of particulars in which it was alleged ‘ ‘ that the crime charged in the indictment was committed on or about the 10th day of June, 1957 between nine p.m. and twelve midnight ”. The place of the commitment of the crime was stated to be the same as in the previous bill of particulars. On June 25, 1958 the defendant made an application to have a bill of particulars filed specifying the exact date on which the alleged crime was committed and upon the submission by the Assistant District Attorney of an affidavit stating, “ that from all of the evidence within the knowledge of your deponent as to the date of the alleged crime, deponent is unable to state in any greater particulars other than that the date of the alleged crime was on or about the 10th day of June, 1957,” the application was denied.
The trial of the defendant was scheduled to be held on June 25, 1958 and the order denying the application for a bill of particulars was signed at 2:20 p.m. The demand of the District Attorney made before June 2, 1958 for a bill of particulars as to any alibi intended to be relied upon by the defendant had not been supplied. The defendant’s counsel contended that until he was supplied a bill of particulars as to the time of the commission of the alleged crime that he was unable to supply the bill of particulars required by section 295-? of the Code of Criminal Procedure. Upon the denial of the motion for a further bill of particulars on June 25, 1958, defendant’s counsel requested four days’ time pursuant to section 295-? in which to submit evidence of an alibi. This was denied by the court upon the ground that there were only three days remaining of the June Term of County Court, the court stating at page 4, of the transcript: “ I am construing such a motion made four (4) days before the end of this term as made yesterday and that is four (4) days before the end of this term. I am treating it as a technical delay. Motion denied.” The defendant was required forthwith to proceed with the trial and the trial continued June 25, 26 and 27, which was the last day of the June 1958 Term of County Court.
Upon the trial the only proof of the commission of the crime on or about June 10, 1957, at the parking lot of the Hathaway *1054 Bakeries, Inc., was that given by Noreen Moore the complaining witness. The only corroboration was the alleged confession of the defendant which was prepared by officers of the Utica' Police Department after oral conversations with the defendant at the time of his arrest. The confession was typewritten except.for the signature of the defendant and the words appearing above the signature, “ I have read the above statement ”, which were in the defendant’s handwriting. The statement was received as People’s Exhibit Number 2. There is nothing in the statement of the defendant admitting the commission of the crime as being committed on or about June 10, 1957. The alleged confession contained the statement that he had had sexual intercourse with the complainant, Noreen Moore, on some seven or eight occasions between the first of May and the last of July, 1957. No place is specified in the confession nor was any place testified to by the police officers, as to where the alleged acts took place so that the corroboration supplied by the confession depends solely upon the sufficiency of the general admission of a series of seven or eight acts over a period of' some three months. The testimony of the complaining witness' herself covered a substantial number of such occurrences but was specifically limited as to their beginning' on or about June 10, 1957 and’their continuance until the last of October, 1957. The complaining witness testified that the occasion on or about June 10, 1957 was the second occasion on which she had ever been out with the defendant and the first occasion on which she had ever had sexual intercourse with him. The complaining witness further testified that she became pregnant as a result of her relations with the defendant. She gave conflicting testimony as to the time' that she became aware of her pregnancy as being in the months of July or August, 1957. She stated she informed the defendant thereof in November, 1957 by telephone and' that she first advised her mother in December, 1957. She stated that she advised no one else and that no complaint was made to the police or any other public official until' the last of March, 1958. Her child was born on May 14,1958. The birth was normal and the child weighed 6 pounds, 10% ounces.
In a proceeding of this nature it is not necessary that the court bé satisfied that there will be a reversal of the conviction upon an appeal. It is not even necessary that the court should be convinced that important errors were committed by the trial court in order to justify the granting of a certificate of reasonable doubt. The court is not required in this proceeding to *1055 determine the legality or illegality of the defendant’s conviction or that the defendant was in fact prejudiced by any of the alleged errors. It is sufficient if the court is satisfied that there exists a reasonable, arguable question which should be settled by the appellate court before the defendant is actually incarcerated in execution of his sentence. It has been said that the application is not addressed merely to judicial discretion but one which invokes substantive rights. Its purpose is said to be to stay the execution of the judgment of conviction pending the appeal where it appears that there is a reasonable doubt whether the judgment will stand but not otherwise. It permits a postponement of the execution of the judgment while questions of fact or law going to the merits of the case are being reviewed before the proper tribunals. The granting of the certificate is not necessarily a reflection upon the conduct of the trial nor is its purpose essentially to criticize the fairness or conduct of the prosecution or the impartiality and correctness of the trial court. (People v. Horvatt, 144 Misc. 278; People v. Hummel, 49 Misc. 136; People v. Hines, 12 N. Y. S. 2d 454; People v. Sims, 55 N. Y. S. 2d 885.)
The defendant urges that the indictment is defective in that it does not specify a particular date upon which the alleged crime was committed; that it does not comply with sections 278 and 279 of the Code of Criminal Procedure by setting forth separate counts although it charges more than one crime and that the defendant is entitled to know the exact date, time and place of the act alleged to constitute the crime of rape in the second degree. The defendant urges that section 280 applies inasmuch as the act complained of is a material ingredient of the crime and that inasmuch as the crime of rape comprises one act and is not a continuing crime, each occasion upon which it is claimed that the complaining witness was the victim of rape in the second degree must be charged as a separate crime. The defendant urges that unless this is done the right of the defendant to properly conduct his defense is denied.
Preliminary to the trial of the defendant as previously pointed out numerous motions were made for a specific bill of particulars. The final bill of particulars supplied by the District Attorney fixed the date as on or about June 10, 1957 and likewise fixed the place with certainty. The case was submitted by the court to the jury on the basis that none of the other acts of sexual intercourse testified to by the complaining witness and referred to by the defendant in his alleged confession constituted the basis of the charge against the. defendant which they *1056 were to consider but rather that they were limited solely to the occasion on or about June 10, 1957 which was the second occasion on which the complaining witness and the defendant were out together and the first on which she said that they had had sexual relations. In his charge the court stated at page 239 of the record: “ It is that act and only that act that the People are prosecuting here; not for any other subsequent acts that have been mentioned by the complaining witness but that one which according to the bill of particulars was on or about the 10th day of June, * * * It is further the People’s contention that that act of intercourse by the defendant at that time and place constitute the crime of rape in the second degree. As I have already stated to you, that is the only act and it is that specific act he is charged with under this indictment.”
The exactness with which the court limited the specific occasion upon which the defendant was charged with the crime removed any basis for defendant’s objections to the form of the indictment and distinguishes this ease from those cited by the defendant. (People v. Wright, 172 Misc. 860, 861; People v. PLayner, 198 Misc. 101; People v. Kamps, 4 Misc 2d 518; People v. McCoy, 162 App. Div. 182; see, also, Code Crim. Pro., § 280.)
The defendant urges that the receipt of evidence in respect to the pregnancy of the complaining witness was improper and that the court erred in its charge in respect to the effect the jury could give to evidence of the pregnancy of the complaining witness. In this connection the court stated in his charge, at pages 229-230:
“ The other evidence required by the statute I have just read you must be of such character as tends to establish: One. That the crime of Rape in the second degree as charged was committed by someone. I want you to think that over carefully. The other evidence must show that the crime charged was committed by someone. I might as well mention now that the evidence of her pregnancy and birth of that child is evidence that the crime was committed by someone, but that in and of itself is no evidence that the defendant committed the crime charged and alleged in the indictment. And other than that, there must be other proof to support her testimony that the defendant was the one — not only that someone committed it first, there must be evidence to support that — and, second, evidence, supporting evidence to the testimony of the complainant that the defendant was the one who committed that crime; and such other evidence may be circumstantial as well as direct. On that second proposition, the supporting evidence here also is the statement made *1057 by the defendant to the Police Officers, which was received in evidence here, in which he makes these admissions as to having had sexual intercourse with her on seven or eight, or the number of times he gives, eight or nine, whatever he gives there. In other words, he admits the fact that he had sexual intercourse with her, in that statement.” (Emphasis supplied.)
And at page 245:
‘1 The second part provides that a confession of a defendant, whether made in the course of judicial proceedings or to a private person, is not sufficient to warrant his conviction without additional proof that the crime charged has been committed; that he cannot be convicted — I ash you to thinh that over carefully — without additional proof that the crime charged has been committed. It does not say 1 committed by the defendant ’; but additional proof that there has been a Rape in the second degree by someone. That means it is only necessary to show by some other evidence that the crime has been committed by someone. It is not necessary to connect the defendant with the crime by means of the additional evidence. So that, your confession is made up of two parts.
1 ‘ To make it plain to you: If you have an admission by a defendant that he committed a crime, but you cannot find that there was evidence a crime was committed by anyone, even though he confesses to it he cannot be convicted for it. You must find that there has been a crime committed by someone; and, if you do find that crime committed by someone; and, if you do find that crime and the defendant confesses to it, then you can give the confession the force the law, which I have given you, permits. First, there must be other evidence that a crime has been committed; that somebody has committed a rape. I might go even further to illustrate. In a murder case there must be evidence that somebody has been killed, a body. The fact that somebody confesses he murdered John Doe and they cannot find John Doe’s body, he cannot be convicted for it. It must be proved that a crime has been committed by somebody before a confession can be used against a defendant.
“ The People contend that they have offered sufficient supporting evidence to corroborate the testimony of Moreen Moore in the admissions made by the defendant; and the People contend they have supplied sufficient proof to meet the requirements of the additional evidence required that the crime charged has been committed necessary to give the force and effect to the confession by the testimony of Moreen Moore as to the intercourse with the defendant a week or so, or eight or nine days *1058 after June 1st, 1957 and her pregnancy, and with that additional evidence to support the confession of the defendant and the testimony of Moreen Moore as to the intercourse on or about June 10th, 1957, corroborated, that sufficient evidence has been produced beyond a reasonable doubt to warrant his conviction of the crime charged.” (Emphasis supplied.)
It seems to me, particularly, that there is reasonable doubt as to the propriety of the statement in the charge above quoted, ‘ ‘ I might as well mention now that the evidence of her pregnancy and the birth of that child is evidence that the crime was committed by someone.” It would appear that the jury could rightfully have inferred from that statement that they could rely upon the pregnancy of the complaining witness and subsequent birth of her child as corroborative evidence of the legal requirement which the court pointed out was essential to a conviction, namely, that the crime was committed by someone. If that is the case, defendant’s rights were substantially prejudiced. The crime with which the defendant was charged occurred on or about June 10, 1957 and it was specifically so limited both by the indictment and the charge of the court. Her child was born May 14, 1958, more than 11 months after the date of the alleged crime. The birth was apparently a normal one and there was no dispute about it. It must, therefore, be obvious that her pregnancy and the birth of the child had no connection with the act of sexual intercourse relied upon by the People as the basis for the crime for which the defendant was indicted and tried. In People v. Farina (134 App. Div. 110) a thorough discussion of the recognized principles involved in determining the period of pregnancy is found. In that case the court reversed a conviction and granted a new trial upon the ground that the birth of the child exceeded the recognized gestation period by 10 days. In the present case the period would have been exceeded by over 60 days.
The defendant further urges that there was a failure of proof on the part of the prosecution both as to the corroboration of the acts of sexual intercourse on or about June 10, 1957, of penetration, and of the place where the act occurred. The corroborative testimony relating to these matters would seem to depend upon the sufficiency of the admission of the defendant in his alleged confession that he had had sexual intercourse with the complaining witness on seven or eight occasions. The alleged admission of the defendant is very general. Serious doubt exists in my mind whether it is sufficient to corroborate the complaining witness that an act of intercourse took place *1059 between them on or about June 10, 1957 and that there was a penetration on the occasion of June 10, 1957.
The defendant also urges that there is no corroborative testimony as to the fact that the crime was committed in the parking-lot of the Hathaway Bakeries, Inc. The defendant’s alleged admission contains no statement in this regard and there is no other testimony to establish it. Standing alone I doubt if it would be of sufficient importance to raise any reasonable doubt, but taken together with the generalness of the defendant’s admission as to the acts of sexual intercourse and penetration, there is, I believe, a reasonable doubt as to whether the prosecution corroborated the complaining witness’ testimony that the defendant committed the act of sexual intercourse on June 10, 1957; whether there was a penetration and consequently whether the verdict of the jury in convicting the defendant would not be contrary to law or against the weight of the evidence. (People v. Anthony, 293 N. Y. 649; People v. Whitson, 234 N. Y. 517, revg. 195 App. Div. 910, on dissenting-opinion of Cochrane, J.; People v. Thompson, 212 N. Y. 249; People v. Hornbeck, 277 App. Div. 1136.)
The defendant urges that his attorney was not given sufficient time to properly prepare for the defense of the action. He points out in this connection the fact that his attorney had been engaged in Supreme Court on June 23 and 24 in the trial of a jury case and that his attorney had been engaged in Supreme Court in the trial of an equity case on the morning- of June 25. He next urges that his attorney was unable to properly prepare his defense based upon an alibi. He points out in this connection that his last motion for a bill of particulars was not passed upon until the case was ready to proceed to trial. He next urges that the court had been provoked with his attorney during the forenoon of June 25 and had reprimanded the attorney on the telephone within the hearing of the jury panel for his failure to be present in court to proceed with the trial. He finally urges that his attorney had been engaged in the trial of another criminal case involving a defendant charged with second degree rape under facts and circumstances similar to those involved in the defendant’s case; that such case had proceeded to trial before the same panel of jurors, had continued for a portion of two days at which time that defendant elected to change his plea to guilty and was thereafter in the presence of the jury panel sentenced by the court.
The defendant points out that his attorney moved the court before the trial commenced to have his case put over the term *1060 upon each of these four grounds. Any one standing alone would undoubtedly be inconsequential insofar as raising any doubt that the defendant’s rights were prejudiced. Taken together, a different problem arises. It is apparent from the record, from the voluminous moving papers, from the several motions for further bills of particulars that occurred during the term of court at which the defendant was tried, that the trial court’s patience was severely tried and that he was not well informed as to the other court engagements of the defendant’s counsel. The defendant’s counsel may, therefore, be subject to criticism therefor. The fact remains, however, that he was engaged in court elsewhere and that he was compelled to proceed to trial immediately upon the determination of his last motion for a further bill of particulars as the last case of the term. There is nothing in the record to indicate that the defendant had an alibi or that he was prejudiced because he did not have time to present an alibi and there is serious doubt if he was prejudiced as a result thereof. However, the rights of a defendant to have a fair trial with a full and adequate opportunity to prepare therefor is most essential. There is nothing in the record to indicate that the People would have been in any way prejudiced had the case gone over the term. Questions of prejudice in this respect usually are reserved for the defendant. In this case the defendant was asking for the delay. I cannot, therefore, say that an appellate court might not consider that the rights of the defendant had been in some way prejudiced by reason of one or more of the four situations relied upon by the defendant as the basis for his motion to put the ease over the term. The defendant has urged a number of other grounds for relief. In view of my determination of the questions heretofore discussed, it is unnecessary to consider them upon this application. I believe in view of the foregoing that the application for a certificate of reasonable doubt for this defendant should be granted. This conclusion upon my part, it should be noted, does not carry any suggestion of the innocence of the defendant nor any criticism or reflection upon the fairness and impartiality with which the defendant’s trial was conducted. A certificate in accordance with section 527 of the Code of Criminal Procedure may be prepared and submitted for signature.