Martin M. Kolbrener, J.
The defendant, indicted in two multiple count indictments for crimes including rape and assault, moves for a bill of particulars requiring the District Attorney to furnish the precise dates, time and places that the alleged acts of rape were perpetrated or in the alternative to dismiss the indictments upon the ground that the charges are too vague and indefinite to charge him with any specific crime and thus an unconstitutional deprivation of his right of due process.
A prior order of this court directed the District Attorney to ‘ ‘ furnish the dates, times and places of the alleged crimes as set forth in the indictment to the extent that same are within the knowledge of the District Attorney.” In compliance with this order the District Attorney on or about October 7, 1965, furnished a bill of particulars describing the places where the alleged acts took place and which stated that the crimes alleged in Indictment No. 20,955 “occurred between July 1, 1964 and August 26, 1964 ’ ’ and that the crimes charged in Indictment No. 20,956 “ happened between the first day of September, 1964, and the 31st day of December, 1964”. The District Attorney stated that the exact times and dates of the occurrences were unknown to him. The complaining witness in each case is over 15 years of age. Have their memories been exhausted fully? We are not told.
In this motion the defendant urges that in order to “ present an adequate defense to the indictments involved, including a defense of alibi * * * he must know when ’ ’ the alleged crimes occurred. The defendant points out that in one instance he must defend against an alleged act “of short duration” which occurred sometime over a period of almost 120 days. He urges that this is an impossible burden to meet.
Rape is not a continuing crime and our courts have held that a defendant is entitled to know not only the particular offense for which he is indicted bat also the time or the approximate *707 time at which the alleged offense occurred. (People v. Wright, 172 Misc. 860.) This is particularly true when the crime involved is rape, and there is no question but that the court may require that a defendant be given sufficient particulars so that he may prepare adequately his defense. (People v. Stedeker, 175 N. Y. 57.) It has been urged that particularly where an alibi defense may be used by the defendant such as is claimed in this case that he should be furnished with the “ exact date of the alleged occurrences (People v. Kamps, 4 Misc 2d 518, 519.) Our courts have compelled the service of bills of particulars in rape cases and required the People to set forth the dates, time and place of each and every act of sexual intercourse alleged in the indictment. (People v. Fort, 141 N. Y. S. 2d 290, 291; People v. Hayner, 198 Misc. 101, 102-103.)
In this case the complainants were inmates of the Nassau County Children’s Shelter and in the custody, care and control of the defendant, among others. It cannot logically be argued that a defendant can prepare adequately for trial and prepare his defense, particularly where that defense may be an alibi, if he is given no more information than that one act of alleged intercourse occurred over a two-month period and another at sometime during a four-month period. It is therefore
ordered, that the District Attorney is directed to furnish a further bill of particulars within 10 days from the date hereof specifying the day on which it will be alleged that each of the acts set forth in the indictments occurred. Before this is done the complaining witnesses must be thoroughly questioned by the District Attorney.