Martin M. Kolbrener, J.
The defendant moves to dismiss the indictment on the ground that the allegations are too vague and indefinite and do not charge the defendant “ with any specific crime” and because the People have “failed and refused to provide defendant with a bill of particulars specifying the date on which it is alleged each of the acts set forth in the indictments occurred. ’ ’
The defendant is charged in two multiple count indictments with several crimes, including rape and assault. The case was before this court on a prior occasion (48 Misc 2d 705) and the District Attorney was directed to furnish a further bill of particulars specifying the date, on which it was alleged, each of the acts set forth in the indictment occurred. The District Attorney has furnished a further bill, stating that with respect to Indictment No. 20956, the crimes charged took place in September or October of 1964, and with respect to the allegations contained in Indictment No. 20955, that the crimes took place sometime in July or August of 1964. The District Attorney has also furnished defendant with a description of the place where the alleged acts took place, but has stated that the information supplied ‘1 is the best and most complete breakdown that can be supplied by this office.”
Defendant urges that the lack of a more specific date is a deprivation of his constitutional rights and of due process of law. He argues that without this information it is impossible for him to interpose an alibi defense.
The crimes charged are not forcible rapes but “ statutory ”, the alleged victims having been under age. The defendant was an executive employee of the Children’s Shelter of Nassau County with responsibility for the care, custody and control of the inmates. The alleged victims were inmates. They were unable to specify the exact dates on which the alleged acts were perpetrated upon them. Nonetheless, the Grand Jury indicted on their testimony and a prior motion to dismiss that indictnaent? l^sed on the Grand Jury minptes, was denied,
*258 The victims being infants, their testimony and recollection must be viewed in that light. They made no immediate outcry or complaint and it was months after the alleged commission of the acts charged in the indictment that they were discovered. A teen-age inmate in institutional custody cannot be expected to act and recollect as an adult who may have a helpful frame of reference for recollection of specific dates. There may be little if anything to distinguish one day from another to the prisoner in an institution. The court is therefore of the opinion that the indictment should not be dismissed, particularly where it has already been determined as matter of law that it is legally sufficient. Here the District Attorney has furnished what he says, is all the information that he has been able to obtain from the inmates, and from other surrounding facts, concerning the date of the alleged commission, after prodding the recollection of the complainants and after investigation. It may well be that the trial jury may reject such testimony as insufficient to convict, but this court may not disregard what is tantamount to the law of the case. If at some future time the District Attorney obtains more specific information as to dates of the alleged acts he should furnish that information to the defendant, a reasonable time before the trial.
The court has carefully examined the cases cited by the defendant and finds them inapplicable to the facts and circumstances in this case. It is therefore ordered, that the defendant’s motion to dismiss the indictment is denied, and it is further ordered, that if at any time before the trial the office of the District Attorney obtains more specific information as to the dates of the alleged acts, the District Attorney shall serve an additional bill of particulars upon the attorney for the defendant within a reasonable time before the trial so that the defendant and his attorney will have a reasonable opportunity to prepare such defense as the defendant may have.