Behest L. Signorelli, J.
The defendant herein has been charged with the crimes of forgery and tampering with public records. The indictment indicated the crimes were committed on or about or between February 25, 1969 and March 6, 1969.
The defendant moved for an order for a bill of particulars directing the District Attorney to furnish the defendant with the specific date or dates of the alleged commission of the *756 crimes. This application was granted by this court without opposition. An order was signed by this court on March 17, 1970 directing the District Attorney to furnish “ the specific date which the District Attorney will claim is the date when the alleged acts set forth in the indictment were committed and further, if the acts were committed on more than one day, setting forth each date and the counts in the indictment to which such dates refer specifically ’ ’.
On July 2,1970, the District Attorney served a bill of particulars on the defendant’s attorney alleging “on or about or between February 25, 1969 and March 6, 1969 ’ ’ the crimes charged were committed. The defendant now makes this motion to preclude the District Attorney from offering any evidence at the trial with respect to the date or dates of the commission of the crimes charged. The defendant contends that he was in 'Cincinnati, Ohio, on certain dates during the period of time referred to in the indictment, which would set up a proper defense of “alibi”. The District Attorney alleges that the very nature of the crime, which is a continuing one, makes it impossible to fix the exact dates since there were no actual witnesses while the crimes were being committed. The District Attorney further alleges that the case will be proven by circumstantial evidence.
Section 280 of the Code of Criminal Procedure states: “ The precise time at which the crime was committed need not be stated in the indictment * * * except where the time is a material ingredient in the crime ”. Sections 295-g to 295-1 of the Code of Criminal Procedure refer to bills of particulars in criminal cases.
A landmark case in this area was People v. Gilbert (96 Misc. 660, 662; 118 Misc. 825) in which the court stated, “ Since the defendant can only be charged in this indictment with the commission of one crime and can be convicted for only one offense, it seems proper that he should have notice as to the particular date when the offense charged against him is alleged to have been committed ”.
The defendant herein alleges a possible alibi as a defense. Section 295-1 of the Code of Criminal Procedure requires that the defendant supply the District Attorney, on his request, with names of alibi witnesses or be precluded from offering same at the trial. The statutory requirement has made it all the more necessary that the defendant be advised with exactitude as to the time and place of the commission of the alleged crime. (People v. Wright, 172 Misc. 860; People v. Kamps, 4 Misc 2d 518; People v. Britt, 48 Misc 2d 705.) Most *757 of these decisions have concerned themselves with rape cases hut the courts have ruled the same concerning other criminal charges. (People v. Wagman, 31 Misc 2d 505.)
The court directs that the District Attorney furnish the particulars as specified in its previous order dated March 17, 1970, 30 days prior to trial, and upon failure to do so, the People shall he precluded from offering any evidence at the trial with reference to dates concerning the commission of the crimes charged.