OPINION OF THE COURT
Allan Dixon, J.
Two petitions were filed against the respondent: One alleging that he committed an action which if committed by an adult would constitute assault in the third degree in that he struck one Mary E. Clark with a brick. The other petition alleged that the respondent committed the same act, but this time injured one Roberta P. Dwyer. At the close of testimony taken on these two matters, the court dismissed the petition alleging the act against the Dwyer girl upon the grounds that the circumstantial evidence submitted by the petitioner was insufficient to sustain the petition. The court reserved decision on the other petition.
Counsel for the respondent moved for dismissal of the remaining petition based upon the testimony of all witnesses on behalf of the petitioner testifying to a date of the occurrence which was different from date contained in both the original and a supplemental bill of particulars filed on behalf of petitioners. Both those documents alleged the date of the incident being May 5, 1982. Attorney for the petitioner was given until October 8, 1982 to submit a memorandum of law in opposition to the motion. He informed the court by letter that he declined to do so.
Although the Criminal Procedure Law has been found not to specifically apply to juvenile proceedings in Family *160 Court (Matter of D. [Daniel], 27 NY2d 90), the directive of Matter of Gault (387 US 1), required the full panoply of constitutional rights be available to juveniles. Due process requires that high standards be maintained in these proceedings. The question thus becomes whether the respondent’s rights have been unduly prejudiced by the County Attorney’s error. This court thinks that they have been.
CPL 200.90 dealt with the requirements of a bill of particulars. Cases interpreting the provisions of this section have said that the sole function of a bill of particulars is to define more specifically the matters set forth in the pleadings. (People v Wayman, 82 Misc 2d 959; People v Green, 83 Misc 2d 583.) The practice commentary associated with this section states that “[t]he test is not whether the items of information sought by the defendant may be ‘useful’ to his defense, but whether such items are ‘necessary’ to adequately prepare or conduct his defense.” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A [1971], CPL 200.90, p 292.)
The items sought by the counsel for respondent in this matter fall within this concept of being “necessary”. The time and date of an occurrence is certainly information of which the accused should be advised. (People v Lupia, 65 Misc 2d 755; People v Ricci, 59 Misc 2d 259.) In preparing an adequate defense such information is necessary. In his answer to the respondent’s demand for a bill of particulars, petitioner indicated that the incident took place on May 5, 1982 at 7:50 a.m. Petitioner reiterated the date in a “Further Reply to Bill of Particulars” dated and sworn to on September 15, 1982. The petition alleged that the date of the occurrence was May 21, 1982 and petitioner’s witnesses testified as to events which happened on that date.
Respondent had a right to rely on the signed, sworn answer to his demand for a bill of particulars. A defense which could have been prepared based on the May 5 date would have been rendered totally useless at trial when testimony was offered as to events which occurred on May 21,1982. The confusion created by the error sorely inhibits the respondent’s ability to create an adequate defense. When such a situation exists this court feels that it rises to the level envisioned by the Gault decision.
*161 Thus, based upon the infirmity of the petitioners’ bill of particulars the petition in the matter involving Mary E. Clark is dismissed.