◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. COBEY, Appellant.—Judgment unanimously reversed on the law and new trial granted on counts 3, 8 and 10 of the indictment. Memorandum: Defendant was charged in an eleven-count indictment with rape, sodomy, sexual abuse and endangering the welfare of a child. The counts of the indictment accused defendant of committing certain criminal acts "during" October of 1986, November of 1987, July of 1988 and February of 1989. Defendant timely served a demand for a bill of particulars, requesting more specific information concerning the time, date and place of the alleged crimes *(see,* CPL 200.95 [2], [3]). When the People failed to respond, defendant moved for an order directing the prosecutor to comply with his request *(see,* CPL 200.95 [5]). In response to the motion, the People agreed to supply information regarding the

approximate time, date and place of each count of the indictment. Before the People actually served the bill of particulars, however, County Court denied defendant's motion, and the prosecutor never provided the promised information.

The People concede that the court erred in denying defendant's motion for an order directing the People to provide a bill of particulars. "[T]he court must, unless it is satisfied that the people have shown good cause why an order should not be issued, issue an order requiring the prosecutor to comply" (CPL 200.95 [5]).

We reject the People's contention that the error was harmless and that defendant was not prejudiced by the denial of his motion. "It is beyond cavil that a defendant has a basic and fundamental right to be informed of the charges against him so that he will be able to prepare a defense" *(People v Iannone,* 45 NY2d 589, 599). In order to prepare and conduct his alibi defense adequately, defendant required more specific information concerning the time and place of the alleged criminal acts *(see, People v Britt,* 48 Misc 2d 705; *see also, People v Villani,* 59 NY2d 781, 783). Therefore, the trial court's denial of the motion for a bill of particulars deprived defendant of his fundamental right to timely and adequate notice of the charges against him. (Appeal from Judgment of Oneida County Court, Buckley, J.—Rape, 2nd Degree.) Present —Callahan, J. P., Green, Pine, Lawton and Davis, JJ.